■ PATRICIA A. LINDSLEY, Respondent, v FREDERICK O. LINDSLEY, Appellant.—Judgment, Supreme Court, New York County, entered January 21, 1976, modified, on the law, to the extent of reducing plaintiff's entitlement in the capital stock of Unionvale Sales, Ltd., to 20% of the outstanding shares on February 9, 1962, and of the rights and benefits accruing from such ownership, and to deny to plaintiff an accounting, and, as so modified, affirmed, without costs and without disbursements. On February 9, 1962, defendant issued a written promise to plaintiff, then his wife, to include her "as a half owner of 50% of the shares of Unionvale Sales Ltd. stock now owned by me." It is undisputed that plaintiff owned 80% of the outstanding stock of Unionvale at that time. The promise was made to induce plaintiff to resume living with defendant upon the latter's return to the marital abode subsequent to a short absence. Defendant had, on numerous occasions before, departed without informing plaintiff of his whereabouts, and without providing plaintiff with funds. As a condition to the resumption of cohabitation, plaintiff asked for, and was promised, the stock as economic security for her needs. Defendant never effectuated the transfer, although he assured plaintiff that he had done so. On February 23, 1965 the parties entered into a separation agreement which provided that the wife "releases and discharges the husband, absolutely and forever * * * from any and all claims and demands, past, present and future, for alimony or for any other provision for maintenance and support except as contained in this agreement." Plaintiff brought this action in 1972 for the Unionvale stock to which defendant raises defenses of lack of consideration, Statute of Limitations, and release. None of these defenses is viable. We hold today that it is not always essential to abandon an action for divorce or separation in order to establish the consideration to support an agreement between spouses in which one promises property in return for the other's promise to cohabitate. Plaintiff was not legally obligated to resume living together with defendant, at least not without a judicial determination of her possible rights due to

defendant's actions. In *Rogers v Rogers* (229 NY 255, 258–259), an action arising from a promise made by a husband to induce his wife to resume cohabitation and to terminate an action for divorce on the grounds of adultery, Judge Pound stated the policy considerations applicable herein. "The agreement set forth therein is not on its face against public policy. It is for the resumption of marital relations between husband and wife separated for cause. In the absence of proof, it may not be presumed that the wife's grievance was unsubstantial. It rests on a valuable consideration * * * The performance of marital duty should not be made the subject of bargain and sale, but it does not appear that reconcilement was plaintiff's duty in this case. Rather it was her right to refuse to condone an offense against the marriage relation and to insist on a divorce with separate support and maintenance. The husband was not hiring a discontented wife, separated from him without good cause, to return to him. She was to be paid to give up her right to live apart from him. She did not return until she was assured of proper treatment as a wife and the court will not say to her that she sold her forgiveness and that 'conjugal consortium is without the range of pecuniary consideration.' To apply such a rule to cases like this would be to discourage the reunion which the law should favor of couples unhappily parted." The agreement was entered into in 1962. Plaintiff commenced this action in 1972. Defendant's claim of the Statute of Limitations as a defense cannot be allowed. Defendant told plaintiff that the stock transfer had been effectuated. Plaintiff relied upon this representation, she was entitled to rely upon it, and the trial court found that she was not negligent in failing to discover its untruthfulness. The trial court believed plaintiff first learned in 1970 that the stock had not been transferred. It was defendant's affirmative wrongdoing which produced the delay between the accrual of the cause of action and the institution of suit. Defendant's actions require the application of equitable estoppel to deny the defense of Statute of Limitations. (See *General Stencils v Chiappa*, 18 NY2d 125.) Furthermore, the general release contained in the separation agreement was not intended to apply to the promise of the Unionvale stock. A general release is not a bar to an action by a former wife to recover items of personal property concerning which there is no dispute as to title at the time the release is given *(Simon v Simon*, 274 App Div 447, 449–450). Plaintiff, at the time she signed the separation agreement, believed the stock had been transferred. We read the agreement of 1962 as unambiguously providing for plaintiff to receive 25% of the shares of Unionvale then owned by defendant, and we have modified the judgment to reflect that intent. We have determined that an accounting is unnecessary in that plaintiff, pursuant to this decision, becomes a shareholder of Unionvale and, as such, will have ample opportunity to examine the books and records of Unionvale. Additionally, the record does not indicate payment of dividends from 1962. Concur—Silverman, Capozzoli, Nunez and Yesawich, JJ.; Kupferman, J. P., dissents in part and would affirm on the opinion of Gellinoff, J.