■ In the Matter of MARY SMALLS, Respondent, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION et al., Appellants.—Order of the Supreme Court, New York County, entered March 18, 1975 granting petitioner's motion for reargument and upon reargument adjudging that petitioner timely filed notice of claim with respondents, unanimously af-

firmed, without costs and without disbursements. In this proceeding, petitioner moved on September 6, 1974 for an order pursuant to section 50-e of the General Municipal Law granting leave to serve a notice of claim upon respondents or in the alternative declaring that the notice of claim served simultaneously with the motion was timely. We note, initially, that although respondent New York City Health and Hospitals Corporation is not a municipal corporation within the meaning of the General Municipal Law (see definition in § 2 thereof; *Bender v Jamaica Hosp.,* 40 NY2d 560), the provisions of section 50-e of the General Municipal Law are nevertheless applicable thereto by virtue of incorporation into the New York City Health and Hospitals Corporation Act (New York City Health and Hospitals Corporation Act, § 20 [L 1969, ch 1016, § 1, as amd]). Petitioner alleges the following: On May 2, 1973, she was admitted to Harlem Hospital for a cervical myelogram concerning an injury she sustained some 18 years previously. Defendant Kulvanich, a physician, performed the procedure on May 8, 1973. When the needle was inserted into petitioner's spine she immediately felt pain but said defendant assured her this was normal. The pain continued throughout her hospital stay, during which said defendant continued to assure petitioner the pain was a normal sequel to the myelogram and would subside. However, the pain grew worse and began to radiate into her left leg. She was discharged from Harlem Hospital on October 9, 1973, the date of her last treatment by said defendant. In addition, petitioner alleged that thereafter, as the pain in her back and leg grew worse, she visited various clinics for treatment, none of which offered her relief or enlightenment as to the nature of her condition. Finally, in February 1974 she commenced treatment at Presbyterian Hospital, where on May 28, 1974, an electromyelogram was performed on her back. On June 25, 1974, the physician who performed that procedure informed her she had a nerve root lesion in her lower back and might eventually lose the use of her left leg entirely and that this was probably the result of the myelogram at Harlem Hospital. This conclusion was confirmed by another physician at Presbyterian Hospital on July 2, 1974. Although the case is not truly one concerning a "foreign object", nevertheless it would appear that the alleged malpractice did cause *internal* somatic effects not readily ascertainable (as evident from petitioner's efforts to determine the cause of her pain after she left Harlem Hospital), and not discovered until she was advised of the electromyelogram report on June 25, 1974. In our view, the court below correctly held on an extension of the rationale of *Flanagan v Mount Eden Gen. Hosp.* (24 NY2d 427) that the cause of action accrued June 25, 1974. Other factors present in *Flanagan (supra),* likewise may be found here: (1) that there is a hospital record of the alleged negligent procedure claimed to have been performed upon petitioner, i.e., the myelogram; (2) that there is a hospital record of the procedure allegedly performed upon petitioner which it is claimed resulted in the discovery of the alleged malpractice, i.e., the electromyelogram; (3) that there is no possible break between the alleged negligence and the patient's injury; (4) that professional diagnostic judgment or discretion is not involved; and (5) that there appears to be no danger of a false claim *(Dobbins v Clifford,* 39 AD2d 1). We take note, also, of the recent amendment (L 1976, ch 745, § 2, eff Sept. 1, 1976) of section 50-e of the General Municipal Law which vests the court with broad discretion, taking into consideration all relevant facts and circumstances as to whether to extend the time to serve a notice of claim beyond the 90 days specified in subdivision 1 thereof. Were we to apply the statute retroactively, as well we may, since it is procedural, we would, on all the facts and circumstances

here presented, determine to extend petitioner's time to serve the notice of claim to encompass the service thereof as herein made. We do not find that respondents would suffer any substantial prejudice by this result. Concur— Markewich, J. P., Murphy, Lupiano, Birns and Nunez, JJ.