■ EDITH M. MERCED et al., Appellants, v NEW YORK CITY HEALTH & HOSPITALS CORPORATION, Respondent.—Order, Supreme Court, New York County, entered March 3, 1976, which denied the plaintiffs' motion to dismiss the defendant's affirmative defense that the action is barred because of failure to file a timely notice of claim, reversed, on the law, and the motion granted, without costs and without disbursements. In September, 1971, the female plaintiff underwent a laparascopic bilateral tubal ligation, more commonly known as a sterilization operation, at Metropolitan Hospital operated by the defendant corporation. In November, 1973, with a history of intra-abdominal bleeding and complaints of nausea and vomiting, she was readmitted and an emergency laparotomy performed, during which it was discovered that plaintiff had an ectopic pregnancy in the left fallopian tube. During the course of this medical treatment, it was discovered that the 1971 procedure was improperly performed. The plaintiffs filed a notice of claim with the defendant, and the only issue on this appeal is whether there was compliance with the provisions of section 20 of the New York City Health and Hospitals Corporation Act (L 1969, ch 1016, § 1, as amended), requiring such a notice of claim "within ninety days after such cause of action shall have accrued". If the cause of action accrued at the time of the discovery of the alleged malpractice in 1973, then the notice was timely. In *Flanagan v Mount Eden Gen. Hosp.* (24 NY2d 427), the foreign object exception was enunciated, which provides that the Statute of Limitations does not begin to run until the patient can reasonably have discovered the malpractice. We have recently determined in a factual situation similar to the case at bar, that the *Flanagan* holding would be extended to cover it. See *Matter of Smalls v New York City Health & Hosps. Corp.* (55 AD2d 537), and under the authority of that case, we find that the notice was timely. The dissent does not differ with this determination insofar as we have stated it, but it fairly states a question which was not presented to us. It presupposes that there may have been discovery in some other way at an earlier date. However, although there have been pretrial proceedings and discovery, the defendant presented no facts to indicate that there might have been earlier knowledge, being content to rely on the 1971 date of the alleged malpractice. Concur—Stevens, P. J., Kupferman and Markewich, JJ.; Birns and Silverman, JJ., dissent in the following memorandum: We would affirm the denial of the motion to strike the affirmative defense that notice of claim pursuant to section 20 was not timely served. There appears to be no disagreement that the notice of claim is only timely if in fact plaintiff discovered or should have discovered the malpractice (consisting of a failure to ligate one of her fallopian tubes) not earlier than 90 days before the service of the notice of claim. On the present state of the record, we would let the defense stand until such time as there is a conclusive demonstration that such discovery did not and reasonably should not have taken place at an earlier date. The facts as to whether plaintiff discovered or should have discovered the malpractice earlier are exclusively within plaintiff's knowledge. The motion here was made under CPLR 3211 (subd [b]). We would follow the procedure outlined in CPLR 3211 (subd [d]). "(d) Facts unavailable to opposing party. Should it appear from affidavits submitted in opposition to a motion made

under subdivision (a) or (b) that facts essential to justify opposition may exist but cannot then be stated, the court may deny the motion, allowing the moving party to assert the objection in his responsive pleading, if any, or may order a continuance to permit further affidavits to be obtained or disclosure to be had and may make such other order as may be just." Here the objection is in the responsive pleading, and we would let it remain there where, as here, the facts are within the exclusive knowledge of one party. This is the procedure to be followed even on a motion for summary judgment (CPLR 3212; subd [f]), which this was not. Quite apart from the question of the exclusivity of plaintiff's knowledge, the Court of Appeals has recently held that unless a motion under CPLR 3211 is properly converted on notice to one for summary judgment, which this was not, the opposing party is under no obligation to disclose all the evidence on the disputed issues and will not be penalized because he has not made an evidentiary showing in support of his pleading. (*Rovello v Orofino Realty Co.,* 40 NY2d, 633, 635.) Thus, the question of whether plaintiff had such prior knowledge is not precluded by this record or on this motion. We would leave the defense in the "responsive pleading" (CPLR 3211, subd [d]) until such time as there is a factual demonstration which refutes the premise of that affirmative defense. Our position is in no way inconsistent with the decision of this court *Matter of Smalls v New York City Health & Hosps. Corp.* (55 AD2d 537), for the premise of Smalls is that the claimant did not and could not discover the malpractice until a time within the statutory limitation.