◼ LOCAFRANCE U. S. CORPORATION, Respondent, v DALEY-HODKIN CORPORATION, Appellant.—Order of the Supreme Court, New York County, entered July 6, 1977, denying defendant's motion for partial summary

judgment, unanimously reversed, on the law, and partial summary judgment is granted dismissing plaintiff's cause of action for negligence, and severing the remaining cause of action, with $60 costs and disbursements of this appeal to appellant. The cause of action for negligence is barred by the three-year period of limitation (CPLR 214, subd 6) which began to run from January 19, 1973 the date defendant submitted its appraisal of the value of certain electronic equipment (CPLR 203, subd [a]). It is alleged that the fraudulent nature of the appraisal was discovered on or about August 1, 1975. Nevertheless, suit was not instituted until July 29, 1976, more than three years from the date the appraisal was submitted to plaintiffs and more than 11 months from the alleged discovery of its fraudulent nature. No explanation is made for the delay in instituting suit during the 11-month period. Relying on *Lindsley v Lindsley* (54 AD2d 664, app den 40 NY2d 1092), plaintiff seeks to establish a claim of "equitable estoppel" which would aid plaintiff in escaping the bar of the Statute of Limitations. Such reliance is misplaced, because there was no act by defendant alleged here which delayed plaintiff from instituting a timely suit. The submission of the appraisal was only utilized by plaintiff to lend money to a borrower. In no way did it contribute to plaintiff's delay. Nor does the delayed discovery doctrine of CPLR 203 (subd [f]) save plaintiff's negligence claim as presented by the allegations of its complaint. (Contrast *Flanagan v Mount Eden Gen. Hosp.*, 24 NY2d 427, 439; *Merced v New York City Health & Hosps. Corp.*, 56 AD2d 553; *Matter of Smalls v New York City Health & Hosps. Corp.*, 55 AD2d 537.) Concur—Murphy, P. J., Birns, Evans and Lane, JJ.