# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**154**

**CA 14-01237**

PRESENT: SCUDDER, P.J., SMITH, CENTRA, LINDLEY, AND VALENTINO, JJ.

---

NOTHNAGLE HOME SECURITIES CORP.,
PLAINTIFF-RESPONDENT,

V                                        MEMORANDUM AND ORDER

BRUCKNER, TILLET, ROSSI, CAHILL & ASSOCIATES
AND PATRICK W. CAHILL, DEFENDANTS-APPELLANTS.

---

LACY KATZEN LLP, ROCHESTER (JOHN T. REFERMAT OF COUNSEL), FOR
DEFENDANTS-APPELLANTS.

PHETERSON SPATORICO LLP, ROCHESTER (DERRICK A. SPATORICO OF COUNSEL),
FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order and judgment (one paper) of the Supreme Court, Monroe County (Matthew A. Rosenbaum, J.), entered October 22, 2013. The order and judgment, insofar as appealed from, denied in part the motion of defendants to dismiss the complaint.

It is hereby ORDERED that the order and judgment insofar as appealed from is unanimously reversed on the law without costs, the motion is granted in its entirety and the complaint is dismissed.

Memorandum: Plaintiff commenced this action alleging, inter alia, that defendants negligently appraised a parcel of real property based upon their misclassification of the structure thereon as a modular home rather than a manufactured home, and plaintiff also asserted a breach of contract cause of action. Supreme Court granted in part defendants' motion to dismiss the complaint, dismissing only the breach of contract cause of action. We agree with defendants that the court should have granted the motion in its entirety inasmuch as the negligence cause of action is time-barred. Plaintiff did not commence this action until more than six years after defendants provided plaintiff with an "FHA appraisal" of the real property, asserting in relevant part that, as a result of the misclassification, it was required to indemnify the United States Department of Housing and Urban Development (HUD) for the loss HUD suffered when the purchaser of that property defaulted on a federally insured loan that plaintiff made to the purchaser thereof in reliance upon defendants' appraisal.

We note as a preliminary matter that we agree with defendants that the applicable limitations period for the negligence cause of action is three years (*see* CPLR 214 [4], [6]; *see generally Cator v*

*Bauman*, 39 AD3d 1263, 1263; *Locafrance U.S. Corp. v Daley-Hodkin Corp.*, 60 AD2d 804, 805), and we further agree with defendants that the negligence cause of action accrued on August 19, 2004, the day on which plaintiff received defendants' appraisal containing the misclassification.  "In most cases, . . . accrual time is measured from the day an actionable injury occurs, 'even if the aggrieved party is then ignorant of the wrong or injury' " (*McCoy v Feinman*, 99 NY2d 295, 301, quoting *Ackerman v Price Waterhouse*, 84 NY2d 535, 541; *see generally Kronos, Inc. v AVX Corp.*, 81 NY2d 90, 94; *City Store Gates Mfg. Corp. v Empire Rolling Steel Gates Corp.*, 113 AD3d 718, 719).  Here, plaintiff "reasonably relie[d] on [defendants'] skill and advice [on that date] and, as a consequence of such reliance, [became] liable" for indemnifying HUD (*Ackerman*, 84 NY2d at 541; *see Locafrance U.S. Corp.*, 60 AD2d at 805).  Inasmuch as plaintiff commenced this action more than six years later, the negligence cause of action is time-barred (*see Ackerman*, 84 NY2d at 541; *Locafrance U.S. Corp.*, 60 AD2d at 805).  In light of our determination, we do not address defendants' remaining contentions.

Entered:  February 13, 2015                    Frances E. Cafarell
                                               Clerk of the Court