(March 4, 1991)

■ IRMA ALMEYDA, Respondent, v ROSALIE ZAMBITO, Appellant.—In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Zelman, J.), dated November 1, 1988, which granted the plaintiff's motion for partial summary judgment on the first cause of action, alleging assault and battery.

Ordered that the order is reversed, on the law, with costs, and the plaintiff's motion for partial summary judgment on the first cause of action, alleging assault and battery is denied.

On appeal, the defendant argues that the Supreme Court erred in granting partial summary judgment to the plaintiff on the first cause of action, alleging assault and battery, which are intentional torts. In this regard, the defendant asserts, *inter alia,* that there is nothing in the record to support the court's finding that she intended to assault or batter the plaintiff.

In satisfaction of criminal charges arising out of the same incident that gave rise to the instant personal injury action, the defendant entered a *Serrano*-type plea of guilty to the charge of assault in the second degree *(see, People v Serrano,* 15 NY2d 304). The defendant, by her prior *Serrano*-type plea of guilty to the charge of assault in the second degree, did not specifically admit the commission of the acts which formed the basis of the crime charged *(see, People v Serrano, supra).* Since culpability for assault in the second degree can arise out of either an intentional or a reckless act *(see,* Penal Law § 120.05 [1], [4]), it cannot be said that the question of the defendant's intent to assault or batter the plaintiff was necessarily decided in the related criminal action herein *(see, Richard L. v Armon,* 144 AD2d 1; *cf., Merchants Mut. Ins. Co. v Arzillo,* 98 AD2d 495). Accordingly, the Supreme Court erred when it granted partial summary judgment to the plaintiff on the first cause of action, alleging assault and battery. Mangano, P. J., Kunzeman, Kooper, Sullivan and Ritter, JJ., concur.