■ RENEE McWAIN, Respondent, v DAVID PRONTO, Appellant. [815 NYS2d 365]—

Crew III, J.P. Appeal from an order of the Supreme Court (Krogmann, J.), entered October 24, 2005 in Warren County, which granted plaintiff's motion for partial summary judgment on the issue of liability.

In 2003, plaintiff and defendant began a personal relationship that included consensual, sadomasochistic sex. During one sexual encounter, plaintiff sustained personal injuries, as the result of which defendant was charged with assault in the second degree. In satisfaction of that charge, defendant pleaded guilty to assault in the third degree.

Plaintiff thereafter commenced this personal injury action alleging two causes of action, one for assault and battery and the other for negligence. Following defendant's answer, plaintiff moved for partial summary judgment contending that as a result of defendant's plea of guilty to assault in the third degree, defendant was collaterally estopped from contesting his civil liability. Supreme Court granted plaintiff's motion, reserving as to the relevancy of any affirmative defenses raised by defendant in the context of a trial on damages. This appeal ensued.

In support of her motion for partial summary judgment, plaintiff relied upon the certificate of disposition from the Hudson Falls Criminal Court, which revealed that defendant was charged with a violation of Penal Law § 120.05 and such charge was disposed of by way of a plea of guilty to Penal Law

§ 120.00. However, nothing in the record reflects whether defendant pleaded guilty to intentional assault, reckless assault or negligent assault. Consequently, defendant asserts that Supreme Court erred in granting plaintiff's motion for partial summary judgment on the basis of collateral estoppel.

It is now axiomatic that in order to invoke the doctrine of collateral estoppel, there must be an identity of issue that was necessarily decided in a prior action and is decisive of the instant action and, further, there must have been a full and fair opportunity to contest the decision now said to be controlling (*see Schwartz v Public Adm'r of County of Bronx,* 24 NY2d 65, 71 [1969]). With regard to the second prong of the estoppel doctrine, some of the factors to be considered concern the nature of the forum and the importance of the claim in the prior litigation, the incentive to litigate, the competence of counsel and the availability of new evidence that would have altered the prior outcome (*see Ryan v New York Tel. Co.,* 62 NY2d 494, 501 [1984]).

Applying these latter principles to the matter before us, the importance of the claim in the prior criminal proceeding is unquestionable. Defendant was represented by and makes no claim of any ineffectiveness of counsel, and there is no indication that new evidence has been unearthed that likely would have altered the outcome of the prior proceeding. Moreover, we accord no weight to defendant's allegations of coercion on the part of the Office of Professional Medical Conduct, as the record is devoid of any probative evidence supporting such claim (*see Matter of Denise GG.,* 254 AD2d 582, 583 [1998]; *Stuzin v Pizza Hut,* 241 AD2d 647, 648 [1997]). Accordingly, we find that defendant failed to meet his burden of demonstrating the absence of a full and fair opportunity to litigate (*see Ryan v New York Tel. Co., supra* at 501).

With regard to the first prong of the estoppel doctrine, defendant admittedly pleaded guilty to assault resulting in the very injuries for which plaintiff now seeks damages, and Supreme Court quite properly invoked the doctrine to preclude defendant from relitigating the issue of his liability for that wrongful conduct (*see Captain v Hamilton,* 178 AD2d 938, 939 [1991]). However, as urged by defendant, the record here reflects only that defendant pleaded guilty to assault in the third degree; it does not reveal to which of the three subsections he pleaded. Thus, while defendant should be precluded from contesting that he tortiously caused the injuries complained of, the question of whether he did so negligently, recklessly or intentionally must be determined by the trier of the fact inasmuch as the record

does not reflect that such issue was necessarily decided in the related criminal action (*cf. Almeyda v Zambito,* 171 AD2d 633 [1991]). Stated another way, at the ensuing trial, defendant is precluded from asserting that he did not actually wrongfully engage in the conduct complained of or that such conduct did not in fact result in the injuries suffered by plaintiff. He may, however, litigate the issue of whether such conduct and the resulting injuries were the product of intentional, reckless or merely negligent conduct. Hence, plaintiff is entitled to partial summary judgment on the issue of liability, but only to the extent set forth in this Court's decision.

Spain, Carpinello, Rose and Kane, JJ., concur. Ordered that the order is affirmed, without costs.