■ DANICA GROUP, LLC, Formerly Known as DANICA PLUMBING & HEATING, LLC, Appellant, v KENT REALTY, LLC, Also Known as KENT REALTY. LLC, Respondent. [837 NYS2d 328]—

In an action, inter alia, to recover damages for unlawful eviction, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Ruditzky, J.), dated May 17, 2006, as, upon denying the plaintiff's motion for a preliminary injunction and vacating a prior temporary restraining order, sua sponte, in effect determined that the plaintiff had no right to occupy the subject premises and, sua sponte, in effect dismissed so much of the plaintiff's second cause of action as was to recover compensatory and treble damages pursuant to RPAPL 853.

Ordered that on the Court's own motion, the notice of appeal is treated as an application for leave to appeal, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the second cause of action is reinstated to the extent that it seeks to recover compensatory

and treble damages for unlawful eviction pursuant to RPAPL 853.

After the plaintiff tenant was locked out of the subject premises by the defendant, who then owned the subject premises, it commenced this action, inter alia, to recover damages for unlawful eviction and for restoration. Upon the denial of the plaintiff's motion for a preliminary injunction, and before issue was joined, the court directed the plaintiff to vacate the subject premises, and directed that "any claims for use and occupancy and/or damages" should be brought "in the form of an action separate and apart from the instant action." The plaintiff no longer seeks to re-occupy the premises, but wishes only to prosecute its cause of action for compensatory and treble damages for unlawful eviction pursuant to RPAPL 853 (see e.g. *Bianchi v Hood*, 128 AD2d 1007 [1987]; *Dzubey v Teachers' Coll.*, 87 AD2d 783, 784 [1982]).

Both parties seem to agree that the Supreme Court determined, in effect, that the plaintiff had no right to occupy the premises and, by necessary implication, no legal right to seek compensatory or treble damages for unlawful eviction pursuant to RPAPL 853. To the extent that the Supreme Court's order may be so interpreted, it must be reversed. Where, as here, issue had not yet been joined on the plaintiff's complaint, the court was without power to summarily dismiss the complaint (see CPLR 3212).

Accordingly, we reinstate the plaintiff's second cause of action to the extent that it seeks compensatory and treble damages for unlawful eviction pursuant to RPAPL 853.

The defendant's remaining contentions are without merit. Crane, J.P., Krausman, Fisher and Lifson, JJ., concur.