■ MARY MANNS, Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Respondent. [855 NYS2d 665]—

In an action, inter alia, to recover damages for wrongful death, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Battaglia, J.), dated March 20, 2007, as denied that branch of her motion which was to compel compliance with discovery, and granted the defendant's cross motion for a protective order.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff's decedent allegedly was struck by a bus owned and operated by the defendant on August 13, 2002 and died on September 6, 2002. A notice of claim alleged, inter alia, that the defendant was negligent in the "ownership, operation, inspection, maintenance, management, control and supervision of its motor vehicle," and in failing to keep the vehicle in "proper operating condition." This action was commenced, discovery was conducted, and the case was placed on the trial calendar on or about July 7, 2005. A trial was scheduled for January 8, 2007.

On or about October 6, 2006, 15 months after the plaintiff filed a note of issue and certificate of readiness, the plaintiff served a discovery notice on the defendant. This notice sought studies, reports, and evaluations regarding a type of guard that allegedly could be used on the rear wheels of buses to prevent individuals from being dragged under those rear wheels. The defendant served an objection to this discovery demand. The plaintiff moved, inter alia, to compel compliance with this demand, and the defendant cross-moved for a protective order.

General Municipal Law § 50-e (2) requires a claimant assert-

ing a claim against a municipality to serve written notice of a claim which shall set forth, inter alia, "the nature of the claim" being asserted. A claimant is limited to the claims asserted and any claim not contained in the notice of claim that would substantially alter the claim alleged is barred (see *Calix v New York City Tr. Auth.*, 14 AD3d 583 [2005]).

Here, the notice of claim does not set forth any claim pertaining to the defendant's failure to have guards on the rear wheels of its buses. Counsel for the plaintiff maintained that he was not even aware that such guards existed until September 2006. The defendant could not have been on notice that the plaintiff would assert such a claim if the plaintiff was not even aware of the possibility of the claim, and it was not alleged in the notice of claim. The plaintiff may not allege a theory, for the first time, more than 3½ years after the accident, that would substantially alter the claim alleged where, as here, the defendant is unable to conduct a timely and meaningful investigation of the merits of that theory (see *Moore v New York City Tr. Auth.*, 189 AD2d 862, 863 [1993]). Accordingly, the Supreme Court properly denied that branch of the plaintiff's motion which was to compel compliance with the discovery notice, and properly granted the defendant's cross motion for a protective order. Mastro, J.P., Santucci, Eng and Belen, JJ., concur.