■ LING FEI SUN, Appellant, v CITY OF NEW YORK et al., Respondents. [869 NYS2d 546]—

In an action, inter alia, to recover damages for false arrest,

the plaintiff appeals from an order of the Supreme Court, Queens County (Hart, J.), dated June 26, 2007, which, in effect, sua sponte, dismissed the action.

Ordered that on the Court's own motion, the notice of appeal from the order is treated as an application for leave to appeal, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is reversed, on the law, with costs, the action is reinstated, and the matter is remitted to the Supreme Court, Queens County, for further proceedings before a different Justice.

The Supreme Court abused its discretion when it, in effect, sua sponte, dismissed the plaintiff's action. "The power of the court to dismiss an action, sua sponte, is to be used sparingly" (*Rienzi v Rienzi*, 23 AD3d 450, 450 [2005], citing *Myung Chun v North Am. Mtge. Co.*, 285 AD2d 42 [2001]). Here, dismissal was improper because no extraordinary circumstances were present to warrant that action (*see Rienzi v Rienzi*, 23 AD3d 450 [2005]). In effect, the Supreme Court awarded the defendants summary judgment based upon evidence dehors the record and without notice to the plaintiff. This was improper (*see Mihlovan v Grozavu*, 72 NY2d 506, 508 [1988]; *Myung Chun v North Am. Mtge. Co.*, 285 AD2d 42, 45 [2001]).

Contrary to the defendants' contention, the plaintiff's commencement of the action by filing a notice of petition and petition along with a verified complaint was not jurisdictionally defective (*see* CPLR 304; *Matter of Abramov v Board of Assessors, Town of Hurley,* 257 AD2d 958 [1999]). The plaintiff's confusion between the form of an action and the form of a special proceeding is not a ground to dismiss the action (*see* CPLR 103 [c]; *Boryszewski v Brydges,* 37 NY2d 361 [1975]).

In light of our determination, the plaintiff's remaining contention need not be addressed. Lifson, J.P., Ritter, Miller and Balkin, JJ., concur.