(May 8, 2012)

■ PATRICIA ATKINS-PAYNE, Appellant, v TYRONE BRANCH et al., Respondents. [944 NYS2d 269]—

In an action, inter alia, to recover damages for fraud, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Spodek, J.), dated April 29, 2011, as, upon denying her motion pursuant to CPLR 3215 for leave to enter a default judgment against the defendants upon their failure to appear or answer the complaint, sua sponte, in effect, directed the dismissal, with prejudice, as time-barred, of all causes of action to recover damages for fraud.

Ordered that on the Court's own motion, the notice of appeal from so much of the order dated April 29, 2011, as, sua sponte, in effect, directed the dismissal, with prejudice, as time-barred, of all causes of action to recover damages for fraud is deemed an application for leave to appeal from that portion of the order, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order dated April 29, 2011, is reversed insofar as appealed from, on the law, with costs.

The plaintiff moved pursuant to CPLR 3215 for leave to enter a default judgment against the defendants upon their failure to appear or answer the complaint. The Supreme Court denied the plaintiff's motion on the ground that she had failed to effect proper service on any of the defendants. In addition, the Supreme Court, sua sponte, in effect, directed the dismissal, with prejudice, as time-barred, of all causes of action to recover damages for fraud, based upon the dates of certain transactions as alleged in the plaintiff's papers. None of the defendants had moved to dismiss those causes of action as time-barred, and the plaintiff was not given the opportunity to submit argument or evidence that those causes of action were timely pursuant to CPLR 213 (8). The plaintiff appeals from so much of the order as sua sponte, in effect, directed the dismissal, with prejudice, of the causes of action to recover damages for fraud. We reverse the order insofar as appealed from.

"A court's power to dismiss a complaint, sua sponte, is to be used sparingly and only when extraordinary circumstances exist to warrant dismissal" (*U.S. Bank, N.A. v Emmanuel*, 83 AD3d 1047, 1048 [2011]; *see Rienzi v Rienzi*, 23 AD3d 450 [2005]). Here, the Supreme Court was not presented with any extraordinary circumstances warranting dismissal of the causes of action

to recover damages for fraud. Accordingly, the Supreme Court erred in sua sponte, in effect, directing the dismissal, with prejudice, of those causes of action (*see During v City of New Rochelle, N.Y.*, 55 AD3d 533, 534 [2008]). Angiolillo, J.P., Dickerson, Leventhal and Miller, JJ., concur.