LOUIS DOSSOUS, Appellant, v CORPORATE OWNERS BAY-RIDGE NISSAN, INC., Respondent. [956 NYS2d 174]—

The Supreme Court improvidently exercised its discretion when it, sua sponte, directed the dismissal of the complaint. "A court's power to dismiss a complaint, sua sponte, is to be used sparingly and only when extraordinary circumstances exist to warrant dismissal" (*U.S. Bank, N.A. v Emmanuel*, 83 AD3d 1047, 1048 [2011]; *see Atkins-Payne v Branch*, 95 AD3d 912 [2012]; *Bank of Am., N.A. v Bah*, 95 AD3d 1150, 1151 [2012]). Here, there were no extraordinary circumstances warranting the sua sponte dismissal of the complaint. There was no motion or cross motion by the defendant pending before the Supreme Court, and the defendant's opposition to the plaintiff's motion sought only the denial of that motion. Thus, "[a] serious aspect of due process [was] overlooked by the IAS court," in that the plaintiff was deprived of notice and the opportunity to respond to a motion to dismiss the complaint (*Myung Chun v North Am. Mtge. Co.*, 285 AD2d 42, 45 [2001]; *see NYCTL 2008-A Trust v Estate of Locksley Holas*, 93 AD3d 650, 651 [2012]; *Ling Fei Sun v City of New York*, 55 AD3d 795, 796 [2008]). This was improper (*see Mihlovan v Grozavu*, 72 NY2d 506, 508 [1988]; *Ling Fei Sun v City of New York*, 55 AD3d at 796; *Myung Chun v North Am. Mtge. Co.*, 285 AD2d at 45).

In light of our determination, the plaintiff's remaining contentions need not be addressed. We note that the plaintiff's undecided motion to stay a prior order of the same court is now academic. Skelos, J.P., Balkin, Dickerson and Hinds-Radix, JJ., concur.