JAMES HENNING, Appellant, v 17 MURRAY REST CORP., Individually and Doing Business as DARK HORSE, Defendant, and ARIELLE MAGGIPINTO, Respondent. [28 NYS3d 421]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Solomon, J.), dated February 10, 2014, as denied his motion for summary judgment on the issue of liability against the defendant Arielle Maggipinto, and, sua sponte, dismissed the complaint insofar as asserted against that defendant.

Ordered that on the Court's own motion, the notice of appeal from so much of the order as, sua sponte, dismissed the complaint insofar as asserted against the defendant Arielle Maggipinto is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is modified, on the law, by deleting the provision thereof sua sponte dismissing the complaint insofar as asserted against the defendant Arielle Maggipinto; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The Supreme Court improperly dismissed the complaint, sua sponte, insofar as asserted against the defendant Arielle Maggipinto, on a ground unrelated to the plaintiff's pending motion for summary judgment on the issue of liability, and not addressed by the parties. "A court's power to dismiss a complaint, sua sponte, is to be used sparingly and only when extraordinary circumstances exist to warrant dismissal" (*U.S. Bank, N.A. v Emmanuel*, 83 AD3d 1047, 1048 [2011]; *see Nationstar Mtge., LLC v Wong*, 132 AD3d 825 [2015]; *Onewest Bank, FSB v Prince*, 130 AD3d 700, 701 [2015]; *Rienzi v Rienzi*, 23 AD3d 450 [2005]). The exercise of such power in this case was improper because no extraordinary circumstances were present to warrant dismissal (*see U.S. Bank N.A. v Polanco*, 126 AD3d 883 [2015]; *Oak Hollow Nursing Ctr. v Stumbo*, 117 AD3d 698 [2014]; *Dossous v Corporate Owners Bayridge Nissan, Inc.*, 101 AD3d 937 [2012]; *Bank of Am., N.A. v Bah*, 95 AD3d 1150 [2012]; *Atkins-Payne v Branch*, 95 AD3d 912 [2012]).

The plaintiff failed to establish his prima facie entitlement to summary judgment on the issue of liability against Maggipinto (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Hughes v Farrey*, 30 AD3d 244, 247-248 [2006]; *McWain v Pronto*, 30 AD3d 675, 676 [2006]). Since the plaintiff failed to meet his initial burden, the sufficiency of Maggipinto's opposition papers need not be considered (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

The argument raised by the defendant 17 Murray Rest Corp. is not properly before this Court (*see* CPLR 5511) and, under the circumstances, we decline to search the record and award that defendant summary judgment dismissing Maggipinto's cross claim against it for indemnification (*cf.* CPLR 3212 [b]).

The plaintiff's remaining contention is improperly raised on the first time on appeal and, in any event, need not be reached in light of our determination. Rivera, J.P., Dillon, Chambers and Dickerson, JJ., concur.