■ BAY HEAD, INC., et al., Appellants, v NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION et al., Respondents. [30 NYS3d 655]—

In an action, inter alia, for declaratory and injunctive relief, the plaintiffs appeal from so much of an order of the Supreme Court, Suffolk County (Santorelli, J.), dated April 17, 2014, as denied their motion for a preliminary injunction and, in effect, sua sponte, directed the dismissal of the amended complaint.

Ordered that on the Court's own motion, the notice of appeal from so much of the order as, in effect, sua sponte, directed the dismissal of the amended complaint is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is modified, on the law, by deleting the provision thereof, in effect, sua sponte, directing the dismissal of the amended complaint; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings on the amended complaint.

The plaintiffs commenced this action seeking declaratory and injunctive relief with respect to certain provisions of a memorandum (hereinafter the 2014 Memorandum) issued by the defendant New York State Department of Environmental Conservation (hereinafter the DEC) that allegedly improperly altered the method of allocating the amount of surfclams that could be taken by each participant in the Atlantic Ocean surfclam fishery (hereinafter the fishery) for the 2014 harvest year. Additionally, the plaintiffs sought permanent injunctive relief prohibiting the DEC from changing the method of determining surfclam allocations from the method that had been used in prior harvest years 2011, 2012, and 2013.

The plaintiffs moved to preliminarily enjoin the defendants from implementing the surfclam harvest allocations set forth

in the 2014 Memorandum applicable to the 2014 harvest year for participants in the fishery, and the defendants cross-moved to dismiss the complaint for failure to join necessary parties. The Supreme Court denied the plaintiffs' motion and, in effect, sua sponte, directed the dismissal of the amended complaint. The court denied the defendants' cross motion as academic.

The Supreme Court improperly, in effect, sua sponte, directed the dismissal of the amended complaint. The power to dismiss, sua sponte, should be used "sparingly and only when extraordinary circumstances exist to warrant dismissal" (*U.S. Bank, N.A. v Emmanuel*, 83 AD3d 1047, 1048 [2011]; *see Oak Hollow Nursing Ctr. v Stumbo*, 117 AD3d 698, 699 [2014]; *Ling Fei Sun v City of New York*, 55 AD3d 795, 796 [2008]; *Rienzi v Rienzi*, 23 AD3d 450, 450 [2005]). Here, there were no extraordinary circumstances warranting the sua sponte dismissal of the amended complaint.

Under the circumstances before it, the Supreme Court did not improvidently exercise its discretion in denying the plaintiffs' motion for a preliminary injunction.

In light of our determination, the plaintiffs' remaining contentions need not be addressed. Mastro, J.P., Dillon, Hinds-Radix and Maltese, JJ., concur.

---

Motion by the appellants for the Court to take judicial notice of two documents on an appeal from an order of the Supreme Court, Suffolk County, dated April 17, 2014. By decision and order on motion of this Court dated January 21, 2015, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion and no papers having been filed in opposition or in relation thereto, and upon the argument of the appeal, it is

Ordered that the motion is granted. Mastro, J.P., Dillon, Hinds-Radix and Maltese, JJ., concur.