Matter of Weindling v Berkowitz (2018 NY Slip Op 00299)





Matter of Weindling v Berkowitz


2018 NY Slip Op 00299


Decided on January 17, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 17, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE
ANGELA G. IANNACCI, JJ.


2017-02623
2017-03604
 (Docket No. F-17943-15)

[*1]In the Matter of Jay H. Weindling, appellant,
v
Helaine F. Berkowitz, respondent.


Jerome A. Scharoff, P.C., Garden City, NY, for appellant.
Zenith T. Taylor, Forest Hills, NY, for respondent.



DECISION & ORDER
Appeals from (1) an order of the Family Court, Queens County (John M. Hunt, J.), dated January 24, 2017, and (2) an order of that court dated March 8, 2017. The order dated January 24, 2017, dismissed without prejudice the father's petition for modification of his child support obligation to the extent of deeming the parties' daughter constructively emancipated and terminating his support obligation as to her. The order dated March 8, 2017, denied the father's motion, inter alia, to vacate the order dated January 24, 2017.
ORDERED that the appeal from the order dated January 24, 2017, is dismissed as academic in light of our determination on the appeal from the order dated March 8, 2017; and it is further,
ORDERED that the order dated March 8, 2017, is reversed, on the law, the father's motion is granted, the order dated January 24, 2017, is vacated, the petition is reinstated, and the matter is remitted to the Family Court, Queens County, for a determination on the merits of the petition; and it is further,
ORDERED that one bill of costs is awarded to the father.
The parties are divorced and have two children together. The father filed a petition in the Family Court to modify his child support obligation with respect to the parties' daughter to the extent of deeming her constructively emancipated and terminating his support obligation as to her since she allegedly refused to communicate or visit with him. While the proceeding was pending, the father submitted a proposed order to show cause to the Supreme Court, Queens County, seeking, inter alia, to hold the mother in contempt for violating the terms of the judgment of divorce and for sanctions against her, and asking that the pending Family Court proceeding be consolidated in the Supreme Court with the contempt motion.
At a court appearance before the Family Court on the father's modification petition, the father's counsel mistakenly informed the Family Court that the father was "bringing a contemporaneous motion in Supreme Court" seeking, inter alia, to "declar[e] both children constructively emancipated." Upon hearing this, the Family Court, sua sponte, dismissed the father's petition, and issued an order dated January 24, 2017, accordingly. Thereafter, the Supreme Court declined to sign the father's proposed order to show cause.
The father then moved in the Family Court, inter alia, to vacate the order dated January 24, 2017, and to have his petition for modification of his child support obligation with respect to the parties' daughter restored to the Family Court's trial calendar, on the ground that his counsel had misrepresented to the Family Court that the proposed order to show cause submitted to the Supreme Court requested substantially identical relief. In an order dated March 8, 2017, the Family Court denied the father's motion. The father appeals from the order of dismissal and the subsequent order denying his motion, inter alia, to vacate.
A court's power to dismiss a pleading, sua sponte, is to be used sparingly, and only when extraordinary circumstances exist to warrant dismissal (see First United Mtge. Banking Corp. v Lawani, 147 AD3d 912, 913; U.S. Bank, N.A. v Emmanuel, 83 AD3d 1047, 1048). No such extraordinary circumstances were present here (see generally Henning v 17 Murray Rest. Corp., 137 AD3d 1216). In fact, it appears that the Family Court's decision to dismiss the father's petition was based on a misapprehension—albeit one induced by an unintentional misstatement made by the father's counsel—that the father had filed for substantially identical relief before the Supreme Court.
Accordingly, the father's petition for modification of his child support obligation to the extent of deeming the parties' daughter constructively emancipated and terminating his support obligation as to her must be reinstated, and the matter remitted to the Family Court, Queens County, for a determination of the father's petition on the merits.
CHAMBERS, J.P., HINDS-RADIX, MALTESE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court