Gonzalez v 231 Maujer St., HDFC (2018 NY Slip Op 00412)





Gonzalez v 231 Maujer St., HDFC


2018 NY Slip Op 00412


Decided on January 24, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 24, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
L. PRISCILLA HALL
SANDRA L. SGROI
COLLEEN D. DUFFY, JJ.


2015-12632
 (Index No. 510394/15)

[*1]Angel Gonzalez, appellant, 
v
231 Maujer Street, HDFC, et al., respondents.


Joseph A. Altman, P.C., Bronx, NY, for appellant.
Solomon & Bernstein, New York, NY (Joel S. Bernstein and Isabel Rodriguez of counsel), for respondents.



DECISION & ORDER
Appeal from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated November 20, 2015. The order, insofar as appealed from, after a hearing, denied that branch of the plaintiff's motion which was pursuant to CPLR 6301 to preliminarily enjoin all proceedings in a holdover proceeding entitled Matter of 231 Maujer Street Housing Development Fund Corporation v Gonzalez, pending in the Civil Court, Kings County, under Index No. 64032/15, pending hearing and determination of this action and, sua sponte, directed dismissal of the complaint in this action.
ORDERED that on the Court's own motion, the notice of appeal from so much of the order as, sua sponte, directed dismissal of the complaint in this action is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is modified, on the law, by deleting the provision thereof which, sua sponte, directed dismissal of the complaint in this action; as so modified, the order is affirmed, without costs or disbursements.
The plaintiff commenced this action in the Supreme Court, Kings County, seeking, inter alia, a judgment declaring, in effect, that he was the owner of the shares of stock allocated to a cooperative apartment in a building owned and operated by 231 Maujer Street Housing Development Fund Corporation, sued herein as 231 Maujer Street, HDFC (hereinafter 231 Maujer). After commencing the action, the plaintiff moved, inter alia, pursuant to CPLR 6301 to preliminarily enjoin all proceedings in a related holdover proceeding 231 Maujer had commenced against him in the Civil Court, Kings County, pending hearing and determination of this action. A hearing was held on the motion, at which documentary and testimonial evidence was presented by both parties. At the conclusion of the hearing, the Supreme Court, inter alia, denied that branch of the motion which was for a preliminary injunction and, sua sponte, directed dismissal of the complaint in this action. The plaintiff appeals.
The Supreme Court properly denied that branch of the plaintiff's motion which was for a preliminary injunction. To obtain a preliminary injunction, the moving party must demonstrate (1) a likelihood of success on the merits, (2) irreparable injury absent a preliminary injunction, and (3) that the equities balance in his or her favor (see CPLR 6301; Matter of Armanida Realty Corp. v Town of Oyster Bay, 126 AD3d 894; M.H. Mandelbaum Orthotic & Prosthetic Servs., Inc. v Werner, 126 AD3d 859, 860; Mangar v Deosaran, 121 AD3d 650). "The decision to grant or deny a preliminary injunction lies within the sound discretion of the Supreme Court" (Matter of Armanida Realty Corp. v Town of Oyster Bay, 126 AD3d at 894-895 [internal quotation marks omitted]; see Doe v Axelrod, 73 NY2d 748, 750). Here, the plaintiff did not sustain his burden of establishing a likelihood of success on the merits.
However, inasmuch as there was neither notice to the parties by the Supreme Court nor an application by the defendant seeking dismissal, it was error for the court to, sua sponte, direct the dismissal of the complaint in this action (see Abinanti v Pascale, 41 AD3d 395; see also Bay Head, Inc. v New York State Dept. of Envtl. Conservation, 138 AD3d 905, 906; Danica Group, LLC v Kent Realty, LLC, 41 AD3d 419, 420).
The parties' remaining contentions are not properly before this Court or need not be reached in light of our determination.
MASTRO, J.P., HALL, SGROI and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court