Moreau v Cayton (2022 NY Slip Op 01450)





Moreau v Cayton


2022 NY Slip Op 01450


Decided on March 9, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
REINALDO E. RIVERA
JOSEPH J. MALTESE
WILLIAM G. FORD, JJ.


2019-08065
 (Index No. 513654/17)

[*1]Sandra Moreau, etc., appellant, 
v
Alberto L. Cayton, etc., et al., respondents.


Godosky & Gentile, P.C. (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac], of counsel), for appellant.
Dopf, P.C., New York, NY (Martin B. Adams of counsel), for respondents Olubunmi O. Esan and Brooklyn Hospital Center.



DECISION & ORDER
In an action to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Kings County (Lizette Colon, J.), dated May 31, 2019. The order, sua sponte, directed dismissal of the complaint.
ORDERED that on the Court's own motion, the notice of appeal is deemed to be an application for leave to appeal, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith.
The Supreme Court improperly, sua sponte, directed dismissal of the complaint on the ground that the plaintiff failed to timely file a note of issue and failed to comply with a prior discovery order of the court. Because the plaintiff was not served with a valid 90-day demand to file a note of issue pursuant to CPLR 3216(b)(3), the court had no authority to dismiss the complaint based on the failure to timely file a note of issue (see Cadichon v Facelle, 18 NY3d 230, 235-236; Baczkowski v Collins Constr. Co., 89 NY2d 499, 503; Chase v Scavuzzo, 87 NY2d 228, 233). Further, the plaintiff's alleged failure to comply with the discovery order did not constitute extraordinary circumstances warranting the sua sponte dismissal of the complaint (see Henning v 17 Murray Rest Corp., 137 AD3d 1216, 1217; U.S. Bank N.A. v Polanco, 126 AD3d 883, 885; Dossous v Corporate Owners Bayridge Nissan, Inc., 101 AD3d 937, 938; Menardy v Gladstone Props., Inc., 100 AD3d 840, 842; Ling Fei Sun v City of New York, 55 AD3d 795, 796).
The contention of the defendants Olubunmi O. Esan and Brooklyn Hospital Center that the appeal must be dismissed for failure to assemble a proper record is without merit (see American Bldrs. & Contrs. Supply Co., Inc. v US Allegro, Inc., 177 AD3d 836, 837; US Bank, N.A. v Morrison, 160 AD3d 681, 682).
IANNACCI, J.P., RIVERA, MALTESE and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court