Nadal v Department of Homeless Shelters (2025 NY Slip Op 04909)

Nadal v Department of Homeless Shelters

2025 NY Slip Op 04909

Decided on September 10, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
JANICE A. TAYLOR
PHILLIP HOM, JJ.

2023-05709 
2024-05297
 (Index No. 719952/21)

[*1]Nagie Nadal, et al., appellants, 
v
Department of Homeless Shelters, et al., respondents.

Nagie Nadal and Kamarley Dorrell, New York, NY, appellants pro se.
Miranda Slone Sklarin Verveniotis, LLP, Mineola, NY (Abraham Warmbrand of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiffs appeal from two orders of the Supreme Court, Queens County (Allan B. Weiss, J.), both entered June 12, 2023. The first order granted the motion of the defendant Department of Homeless Shelters pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against it and, sua sponte, in effect, directed dismissal of the complaint insofar as asserted against the defendant Saratoga Family Inn Homes for the Homeless. The second order denied, as academic, the plaintiffs' motion pursuant to CPLR 3124 to compel certain discovery.
ORDERED that, on the Court's own motion, the notice of appeal from so much of the first order as, sua sponte, in effect, directed dismissal of the complaint insofar as asserted against the defendant Saratoga Family Inn Homes for the Homeless is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the first order is modified, on the law, by deleting the provision thereof, sua sponte, in effect, directing dismissal of the complaint insofar as asserted against the defendant Saratoga Family Inn Homes for the Homeless; as so modified, the first order is affirmed, without costs or disbursements; and it is further,
ORDERED that the second order is modified, on the law, by deleting the provision thereof denying, as academic, that branch of the plaintiffs' motion which was pursuant to CPLR 3124 to compel certain discovery from the defendant Saratoga Family Inn Homes for the Homeless; as so modified, the second order is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for a determination on the merits of that branch of the plaintiffs' motion which was pursuant to CPLR 3124 to compel certain discovery from the defendant Saratoga Family Inn Homes for the Homeless.
The plaintiffs, Nagie Nadal and Kamarley Dorrell, commenced this action against the defendant New York City Department of Homeless Services, sued herein as the Department of [*2]Homeless Shelters (hereinafter the City defendant), and the defendant Saratoga Family Inn Homes for the Homeless (hereinafter the defendant Homes for the Homeless), to recover damages for personal injuries they alleged they sustained as a result of dangerous conditions in the shelter in which the plaintiffs were residing. The City defendant moved pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against it on the ground that the plaintiffs had failed to serve a notice of claim prior to the commencement of the action. The plaintiffs opposed the motion and moved pursuant to CPLR 3124 to compel certain discovery. In an order entered June 12, 2023, the Supreme Court granted the motion of the City defendant and also, sua sponte, in effect, directed dismissal of the complaint insofar as asserted against the defendant Homes for the Homeless. In a second order, also entered June 12, 2023, the court denied, as academic, the plaintiffs' motion. The plaintiffs appeal both orders.
The Supreme Court properly granted the motion of the City defendant pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against it for failure to serve a notice of claim. Timely service of a notice of claim is a condition precedent to the commencement of an action sounding in tort against a municipality (see J.B. v City of New York, 231 AD3d 696, 697; Wade v New York City Health & Hosps. Corp., 85 AD3d 1016, 1017). General Municipal Law § 50-i provides that "[n]o action or special proceeding shall be prosecuted or maintained against a city . . . for personal injury . . . alleged to have been sustained by reason of the negligence or wrongful act of such city . . . or of any officer, agent or employee thereof, . . . unless . . . a notice of claim shall have been made and served upon the city" in compliance with General Municipal Law § 50-e.
Subject to exceptions not relevant here, General Municipal Law § 50-k(6) provides that no action or proceeding shall be prosecuted or maintained against the City of New York "or any agency or an employee unless notice of claim shall have been made and served upon the city in compliance with" General Municipal Law § 50-e within 90 days after the claim arises.
Here, the parties do not dispute that the plaintiffs failed to serve a notice of claim on the City defendant. The plaintiffs were required to serve the City defendant, an agency of the City of New York as defined by General Municipal Law § 50-k(1)(a), with a notice of claim pursuant to General Municipal Law § 50-e (see id. § 50-k[1][a]; Oppenheimer v City of New York, 193 AD3d 957, 957).
Because dismissal of the complaint insofar as asserted against the City defendant was properly directed, the Supreme Court properly denied, as academic, that branch of the plaintiffs' motion which was pursuant to CPLR 3124 to compel certain discovery from that defendant (see Punina v Canaday, 230 AD3d 706, 708; Manns v New York City Tr. Auth., 50 AD3d 860, 861).
However, the Supreme Court should not have, sua sponte, in effect, directed dismissal of the complaint insofar as asserted against the defendant Homes for the Homeless. "A court's power to dismiss a complaint, sua sponte, is to be used sparingly and only when extraordinary circumstances exist to warrant dismissal" (U.S. Bank, N.A. v Emmanuel, 83 AD3d 1047, 1048; see Henning v 17 Murphy Rest Corp., 137 AD3d 1216, 1217). The exercise of such power in this case was improper because no extraordinary circumstances were present to warrant dismissal of the complaint insofar as asserted against that defendant (see U.S. Bank N.A. v Polanco, 126 AD3d 883; Oak Hollow Nursing Ctr. v Stumbo, 117 AD3d 698).
Further, since the Supreme Court improperly, in effect, directed dismissal of the complaint insofar as asserted against the defendant Homes for the Homeless, that branch of the plaintiffs' motion which was pursuant to CPLR 3124 to compel certain discovery from that defendant, is not rendered academic. Therefore, we remit the matter to the Supreme Court, Queens County, for a determination on the merits of that branch of the plaintiffs' motion.
The plaintiffs' remaining contention is without merit.
DUFFY, J.P., WOOTEN, TAYLOR and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court