■ FIRST UNION NATIONAL BANK, Respondent, v JOHN H. TECKLENBURG, Appellant, et al., Defendants. [769 NYS2d 573]—

In an action to foreclose a mortgage on real property, the defendant John H. Tecklenburg appeals, as limited by his brief, from so much of (1) an order of the Supreme Court, Orange County (McGuirk, J.), dated March 27, 2002, as granted that branch of his cross motion which was to dismiss the complaint insofar as asserted against him only to the extent of dismissing the complaint "without prejudice" to the plaintiff commencing a new foreclosure action in the event that he remains in default on the plaintiff's mortgage, and (2) a judgment of the same

court entered May 13, 2002, as, upon the order, dismissed the complaint insofar as asserted against him "without prejudice."

Ordered that the appeal from the order is dismissed, without costs or disbursements; and it is further,

Ordered that the judgment is reversed insofar as appealed from, on the law, that branch of the cross motion which was to dismiss the complaint insofar as asserted against the defendant John H. Tecklenburg is granted, the complaint is dismissed insofar as asserted against that defendant, with prejudice, and the order dated March 27, 2002, is modified accordingly; and it is further,

Ordered that one bill of costs is awarded to the defendant John H. Tecklenburg.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

On November 4, 1977, the appellant executed a mortgage in favor of the plaintiff's predecessor which, following several consolidations, mergers, and acquisitions, was acquired by the plaintiff, First Union National Bank. On or about February 20, 1998, payoff funds received by the plaintiff were erroneously applied to the appellant's account and he was advised by letter dated March 4, 1998, that his mortgage had been paid in full. The appellant directed numerous inquiries to the plaintiff seeking an explanation of this unexpected transaction and was repeatedly assured that the mortgage had been paid off and a satisfaction of mortgage would be forthcoming. On or about August 5, 1998, the appellant obtained a new mortgage from the defendant Champion Mortgage Co., Inc. (hereinafter Champion), after it too had confirmed with the plaintiff that the prior mortgage had been satisfied. On September 11, 1998, about one month after the closing on the new mortgage, the plaintiff advised the appellant that it had mistakenly credited his account with the payoff funds and the mortgage had not in fact been satisfied. Nevertheless, a mortgage satisfaction was subsequently recorded and the original mortgage documents were returned to the appellant. The purported mortgage now being in default, the plaintiff commenced this foreclosure action on December 24, 1998, and the appellant moved to dismiss the complaint insofar as asserted against him based on the doctrine of equitable estoppel.

A mortgage lender may be estopped from asserting rights

under a mortgage to prevent a fraud or injustice to the person against whom enforcement is sought, who in justifiable reliance upon the lender's words or conduct has been misled to his detriment (*see Carver Fed. Sav. & Loan Assn. of N.Y. v Glanzer,* 186 AD2d 706, 708 [1992]; *see also Nassau Trust Co. v Montrose Concrete Prods. Corp.,* 56 NY2d 175, 184 [1982]). The elements of estoppel are, with respect to the party estopped, "(1) conduct which amounts to a false representation or concealment of material facts; (2) intention that such conduct will be acted upon by the other party; and (3) knowledge of the real facts. The party asserting estoppel must show with respect to himself: (1) lack of knowledge of the true facts; (2) reliance upon the conduct of the party estopped; and (3) a prejudicial change in his position" (*Airco Alloys Div. v Niagara Mohawk Power Corp.,* 76 AD2d 68, 81-82 [1980]; *see Matter of Benincasa v Garrubbo,* 141 AD2d 636, 638 [1988]).

We find that all the requirements of an estoppel have been met and the appellant's motion should have been granted in its entirety. Contrary to the Supreme Court's determination, by securing a mortgage loan from Champion after the plaintiff mistakenly informed him that the mortgage it held had been satisfied, the appellant demonstrated that he underwent a detrimental change in his position (*see Indemnity Ins. Co. of N. Am. v Levine,* 168 AD2d 323, 326 [1990]), in justifiable reliance upon the plaintiff's misrepresentations (*see Bethpage Theatre Co. v Shekel,* 133 AD2d 62, 63 [1987]). Specifically, he would now be required to make payments on two mortgages. Accordingly, the complaint, insofar as asserted against the appellant, should have been dismissed with prejudice. Florio, J.P., Schmidt, Crane and Cozier, JJ., concur.