■ MICHAEL RIENZI, Appellant, v NINA RIENZI, Respondent. [808 NYS2d 116]—In an action to reform or rescind a stipulation of settlement, the plaintiff appeals from an order of the Supreme Court, Queens County (Lebowitz, J.), dated January 28, 2005, which, sua sponte, dismissed the action.

Ordered that the notice of appeal from the order dated January 28, 2005, is deemed an application for leave to appeal, and leave to appeal is granted (see CPLR 5701 [c]); and it is further,

Ordered that the order is reversed, on the law and as a matter of discretion, with costs, and the complaint is reinstated.

The Supreme Court improvidently exercised its discretion in, sua sponte, dismissing the plaintiff's action to reform or rescind the parties' stipulation of settlement (see Hoeffner v John F. Frank, Inc., 302 AD2d 428 [2003]; Loft Rest. Assoc. v McDonagh, 187 AD2d 643 [1992]; Gibbs v Kinsey, 120 AD2d 701 [1986]). The power of the court to dismiss an action, sua sponte, is to be used sparingly (see Myung Chun v North Am. Mtge. Co., 285 AD2d 42 [2001]). The exercise of such power in this case was improper because no extraordinary circumstances were present to warrant dismissal (id.).

Moreover, we disagree with the Supreme Court's implementation of the doctrine of collateral estoppel as the basis for its dismissal of the action, sua sponte, in view of the fact that it was not pleaded by the defendant as an affirmative defense (see CPLR 3018 [b]; 3211 [a] [5]), as was required (see Pace v Perk, 81 AD2d 444 [1981]; Surlak v Surlak, 95 AD2d 371 [1983]). In any event, there was no identicality of issues (see generally Parker v Blauvelt Volunteer Fire Co., 93 NY2d 343 [1999]; D'Arata v New York Cent. Mut. Fire Ins. Co., 76 NY2d 659 [1990]) between this action and a post-judgment enforcement proceeding in the parties' matrimonial action (see Rienzi v Rienzi, 23 AD3d 447 [2005] [decided herewith]). Schmidt, J.P., Santucci, Luciano and Lifson, JJ., concur.