In an action, inter alia, to set aside two conveyances and a mortgage on the ground of fraud, the defendant Wells Fargo Bank, N.A., appeals from an order of the Supreme Court, Queens County (Elliot, J.), dated July 9, 2012, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it and on its counterclaim for equitable subrogation.
Ordered that the order is affirmed, with costs.
The 83-year-old plaintiff resides at the subject property, which she purchased in 1976. On January 5, 2007, the plaintiff executed a deed purporting to transfer the subject property to the defendant Aman Bindra. On October 16, 2008, Bindra executed a deed purportedly transferring the subject property to the defendant Garfield London, and London executed a mortgage in favor of the defendant Wells Fargo Bank, N.A. (hereinafter Wells Fargo). The plaintiff contends that the deed to Bindra was obtained by fraud and, therefore, that the deeds to Bindra and London and the Wells Fargo mortgage are void.
The Supreme Court properly denied that branch of Wells Fargo’s motion which was for summary judgment dismissing the complaint insofar as asserted against it. Real Property Law § 266 protects the “title of a purchaser or incumbrancer for a valuable consideration, unless it appears that he [or she] had previous notice of the fraudulent intent of his [or her] immediate grantor, or of the fraud rendering void the title of such grantor.” Thus, a mortgagee is not protected in its title if it had previous notice of potential fraud by the immediate seller, or knowledge of facts which put it on inquiry notice as to the existence of a right in potential conflict with its own (see Maiorano v Garson, 65 AD3d 1300, 1303 [2009]). A mortgagee has a duty to inquire when it is aware of facts that would lead a reasonable, prudent lender to inquire into the circumstances of the transaction at issue (see LaSalle Bank Natl. Assn. v Ally, 39 *665 AD3d 597, 600 [2007]). A mortgagee who fails to make such an inquiry is not a bona fide incumbrancer for value (see Booth v Ameriquest Mtge. Co., 63 AD3d 769 [2009]).
Here, Wells Fargo’s submissions contain information regarding the plaintiffs possession of the property that put it on inquiry notice as to the plaintiffs potential right to the property (see Stracham v Bresnick, 76 AD3d 1009, 1010-1011 [2010]). Thus, Wells Fargo failed to establish its prima facie entitlement to judgment as a matter of law on the issue of whether it lacked notice of a potential fraud (see JP Morgan Chase Bank v Munoz, 85 AD3d 1124 [2011]; cf. Commandment Keepers Ethiopian Hebrew Congregation of the Living God, Pillar & Ground of Truth, Inc. v 31 Mount Morris Park, LLC, 76 AD3d 465 [2010]).
Real Property Law § 266 also does not protect a bona fide incumbrancer for value where there has been fraud in the factum, as the deed is void and conveys no title (see Karan v Hoskins, 22 AD3d 638 [2005]). Such a conveyance conveys nothing, and a subsequent bona fide incumbrancer for value receives nothing (see Solar Line, Universal Great Bhd., Inc. v Prado, 100 AD3d 862, 863 [2012]; First Natl. Bank of Nev. v Williams, 74 AD3d 740, 742 [2010]; GMAC Mtge. Corp. v Chan, 56 AD3d 521, 522 [2008]; Cruz v Cruz, 37 AD3d 754 [2007]). Here, Wells Fargo failed to establish its prima facie entitlement to judgment as a matter of law on the issue of whether the subject deeds are void ab initio on the ground of fraud in the factum (see First Natl. Bank of Odessa v Fazzari, 10 NY2d 394, 397 [1961]; Dalessio v Kressler, 6 AD3d 57, 61 [2004]; Mix v Neff, 99 AD2d 180, 182 [1984]).
Wells Fargo failed to establish its prima facie entitlement to judgment as a matter of law on its counterclaim for equitable subrogation. Triable issues of fact exist as to whether Wells Fargo should have been aware of potential fraud in connection with the conveyance (see Countrywide Home Loans Inc. v Dornbek, 68 AD3d 1041, 1042 [2009]; Crispino v Greenpoint Mtge. Corp., 304 AD2d 608, 606-610 [2003]). Accordingly, the Supreme Court properly denied that branch of Wells Fargo’s motion which was for summary judgment on its counterclaim for equitable subrogation (see Arbor Commercial Mtge., LLC v Associates at the Palm, LLC, 95 AD3d 1147, 1149 [2012]; Cashel v Cashel, 94 AD3d 684, 688 [2012]).
Rivera, J.E, Leventhal, Austin and Roman, JJ., concur.