■ ELAINE WALLACE, Appellant, v BSD-M REALTY, LLC, Respondent, et al., Defendants. (And a Third-Party Action.) [36 NYS3d 884]—

In an action, inter alia, to quiet title to real property, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Vaughan, J.), dated December 18, 2013, as granted the motion of the defendant BSD-M Realty, LLC, for summary judgment on its first and second counterclaims and, sua sponte, directed the dismissal of the complaint insofar as asserted against that defendant.

Ordered that on the Court's own motion, the notice of appeal from so much of the order as, sua sponte, directed the dismissal of the complaint insofar as asserted against the defendant BSD-M Realty, LLC, is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701 [c]); and it is further,

Ordered that the order is reversed insofar as appealed from, on the law, and the motion of the defendant BSD-M Realty, LLC, for summary judgment on its first and second counterclaims is denied; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The plaintiff commenced this action in March 2011, alleging that, through a series of 10 fraudulent instruments, recorded

between September 2008 and January 2011, she was divested of her ownership interest in certain real property (hereinafter the property) located in Brooklyn, which consisted of a ground-level commercial space below three apartments. The plaintiff purchased the property on September 15, 1995. At that time, the commercial space was occupied by a video rental store and the apartments remained vacant. After the commercial tenant vacated the premises approximately one year later, the property sat vacant. At some time in 2008 or 2009, the plaintiff discovered that the locks on the property had been changed and that a deed had been recorded purporting to transfer title to the property from her to an individual named Edward Wallace, who was unknown to her. She sought assistance from the Kings County District Attorney's Office, which recommended that she commence a civil action. Thereafter, a series of nine other instruments were recorded against the property, including a "confirmation deed" purporting to confirm the conveyance of the property from the plaintiff to Edward Wallace and a deed purporting to convey the property from Edward Wallace to the defendant BSD-M Realty, LLC (hereinafter BSD-M). The plaintiff contends that the deed purporting to convey the property from her to Edward Wallace and the confirmation deed were forged. In this action, she seeks a judgment declaring that she is the lawful owner of the property and that the 10 instruments recorded against the property are void and cancelled of record, and also seeks damages for trespass, notary misconduct, fraud, and slander of title.

BSD-M answered the complaint and asserted two counterclaims against the plaintiff based upon theories of equitable estoppel and unjust enrichment, respectively. BSD-M thereafter moved for summary judgment on its counterclaims. The Supreme Court granted the motion and, sua sponte, directed the dismissal of the complaint insofar as asserted against BSD-M. The plaintiff appeals.

In the context of a real property dispute, "[e]quitable estoppel arises when a property owner stands by without objection while an opposing party asserts an ownership interest in the property and incurs expense in reliance on that belief. The property owner must inexcusably delay in asserting a claim to the property, knowing that the opposing party has changed [its] position to [its] irreversible detriment" (*Bank of Am., N.A. v 414 Midland Ave. Assoc., LLC*, 78 AD3d 746, 750 [2010] [citation and internal quotation marks omitted]; *see Stein v Doukas*, 98 AD3d 1026, 1028 [2012]; *Wilds v Heckstall*, 93 AD3d 661, 663-664 [2012]). The doctrine of equitable estoppel "should be

applied with great caution when dealing with realty" (*Huggins v Castle Estates*, 36 NY2d 427, 433 [1975]; *see Bergner v Kick*, 85 AD2d 911 [1981], *affd* 56 NY2d 795 [1982]).

"The elements of [equitable] estoppel are, with respect to the party estopped, '(1) conduct which amounts to a false representation or concealment of material facts; (2) intention that such conduct will be acted upon by the other party; and (3) knowledge of the real facts. The party asserting estoppel must show with respect to [itself]: (1) lack of knowledge of the true facts; (2) reliance upon the conduct of the party estopped; and (3) a prejudicial change in [its] position' " (*First Union Natl. Bank v Tecklenburg*, 2 AD3d 575, 577 [2003], quoting *Airco Alloys Div. v Niagara Mohawk Power Corp.*, 76 AD2d 68, 81-82 [1980]; *see Nassau Trust Co. v Montrose Concrete Prods. Corp.*, 56 NY2d 175, 184 [1982]). "[I]n the absence of evidence that a party was misled by another's conduct or that the party significantly and justifiably relied on that conduct to its disadvantage, 'an essential element of estoppel [i]s lacking' " (*Fundamental Portfolio Advisors, Inc. v Tocqueville Asset Mgt., L.P.*, 7 NY3d 96, 106-107 [2006], quoting *Lynn v Lynn*, 302 NY 193, 205 [1951]).

Here, BSD-M failed to demonstrate its prima facie entitlement to judgment as a matter of law on its counterclaim seeking to equitably estop the plaintiff from asserting title to the property. Although BSD-M made a prima facie showing that the plaintiff knew of the allegedly forged deed transferring title from her to Edward Wallace, unjustifiably delayed almost two years in commencing this action from the time she was advised to do so by the Kings County District Attorney's Office, and intended her delay to be acted upon, and that BSD-M lacked knowledge of the allegedly forged deed and prejudicially changed its position (*see Stein v Doukas*, 98 AD3d 1026 [2012]; *Wilds v Heckstall*, 93 AD3d 661 [2012]; *see generally First Union Natl. Bank v Tecklenburg*, 2 AD3d at 577), BSD-M failed to establish, prima facie, that its reliance upon the plaintiff's conduct was justified (*see Fundamental Portfolio Advisors, Inc. v Tocqueville Asset Mgt., L.P.*, 7 NY3d at 107; *see generally Williams v Mentore*, 115 AD3d 664 [2014]; *Rastelli v Gassman*, 231 AD2d 507 [1996]). BSD-M submitted evidence that it had no knowledge of the allegedly defective chain of title and would not have purchased the property or expended almost $400,000 on renovations if it had been aware of such issues. However, according to the recorded instruments, prior to the closing of the sale of the property from Edward Wallace to BSD-M, Edward Wallace was no longer the record owner of the property.

Furthermore, on the date of the closing, the "confirmation deed" purporting to confirm the conveyance from the plaintiff to Edward Wallace had not yet been executed. BSD-M's submissions, therefore, failed to eliminate all triable issues of fact as to whether its reliance on the plaintiff's conduct was justified (*see Fundamental Portfolio Advisors, Inc. v Tocqueville Asset Mgt., L.P.*, 7 NY3d at 107; *see generally Williams v Mentore*, 115 AD3d 664 [2014]; *Rastelli v Gassman*, 231 AD2d 507 [1996]). In any event, the plaintiff raised a triable issue of fact in opposition by submitting evidence that BSD-M should have been alerted to potential defects in the chain of title (*see generally Maiorano v Garson*, 65 AD3d 1300 [2009]).

Moreover, BSD-M failed to establish its prima facie entitlement to judgment as a matter of law on its counterclaim against the plaintiff alleging unjust enrichment. A party asserting a claim for unjust enrichment must show " 'that (1) the other party was enriched, (2) at that party's expense, and (3) that it is against equity and good conscience to permit [the other party] to retain what is sought to be recovered' " (*Mandarin Trading Ltd. v Wildenstein*, 16 NY3d 173, 182 [2011], quoting *Citibank, N.A. v Walker*, 12 AD3d 480, 481 [2004] [internal quotation marks omitted]; *see Main Omni Realty Corp. v Matus*, 124 AD3d 604 [2015]; *Cruz v McAneney*, 31 AD3d 54, 59 [2006]). Here, BSD-M alleges that the plaintiff would be unjustly enriched if the court were to determine that she is entitled to a judgment declaring that she is the owner of the subject property and that the 10 disputed instruments are void and cancelled of record. However, as it is undisputed that the plaintiff is not presently in possession of the subject property, she has not yet been enriched and presently retains nothing sought to be recovered (*see Cashel v Cashel*, 94 AD3d 684, 689 [2012]).

Accordingly, the Supreme Court erred in granting BSD-M's motion for summary judgment on its first and second counterclaims (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

Furthermore, the Supreme Court erred in, sua sponte, directing the dismissal of the complaint insofar as asserted against BSD-M. The allegations against BSD-M in the complaint relating to the validity of the disputed instruments, trespass, fraud, and slander of title were not resolved by consideration of BSD-M's motion for summary judgment on its counterclaims for equitable estoppel and unjust enrichment (*see Henning v 17 Murray Rest Corp.*, 137 AD3d 1216 [2016]; *U.S. Bank, N.A. v Emmanuel*, 83 AD3d 1047 [2011]). "A court's power to dismiss

a complaint, sua sponte, is to be used sparingly and only when extraordinary circumstances exist to warrant dismissal" (*U.S. Bank, N.A. v Emmanuel*, 83 AD3d at 1048; *see Oak Hollow Nursing Ctr. v Stumbo*, 117 AD3d 698 [2014]; *Rienzi v Rienzi*, 23 AD3d 450 [2005]). However, no such extraordinary circumstances are present here (*see Henning v 17 Murray Rest Corp.*, 137 AD3d 1216 [2016]; *Oak Hollow Nursing Ctr. v Stumbo*, 117 AD3d 698 [2014]; *U.S. Bank, N.A. v Emmanuel*, 83 AD3d at 1048; *Ling Fei Sun v City of New York*, 55 AD3d 795 [2008]; *Rienzi v Rienzi*, 23 AD3d 450 [2005]; *cf. Wehringer v Brannigan*, 232 AD2d 206 [1996]). The court, therefore, erred in, sua sponte, directing the dismissal of the complaint insofar as asserted against BSD-M (*see Henning v 17 Murray Rest Corp.*, 137 AD3d 1216 [2016]; *Oak Hollow Nursing Ctr. v Stumbo*, 117 AD3d 698 [2014]; *U.S. Bank, N.A. v Emmanuel*, 83 AD3d at 1048; *Ling Fei Sun v City of New York*, 55 AD3d 795 [2008]).

The parties' remaining contentions either are without merit or need not be reached in light of the foregoing. Leventhal, J.P., Miller, Duffy and Connolly, JJ., concur.