19-1098-cv
*Stinnett v. Delta et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of March, two thousand twenty.

Present:
> BARRINGTON D. PARKER,
> DEBRA ANN LIVINGSTON,
> WILLIAM J. NARDINI,
> *Circuit Judges*.

_____

VENUS STINNETT,

> *Plaintiff-Appellant*,

v.                                                    19-1098-cv

DELTA AIR LINES, INC. and QUEST DIAGNOSTICS
CLINICAL LABORATORIES, INC.,

> *Defendants-Appellees*.

_____

For Plaintiff-Appellant:              ANGEL A. CASTRO III, Esq., New York, NY

For Defendant-Appellant
Delta Air Lines, Inc.:              IRA G. ROSENSTEIN, Morgan, Lewis & Bockius LLP,
                                           New York, NY; Bryan M. Killian, Morgan, Lewis &
                                           Bockius LLP, Washington, DC; Shannon N. Attalla,
                                           Morgan, Lewis & Bockius LLP, Philadelphia, PA

For Defendant-Appellant

1

Quest Diagnostics Clinical
Laboratories, Inc.:             D. FAYE CALDWELL, Caldwell Everson PLLC,
                                Houston, TX


Appeal from a judgment of the United States District Court for the Eastern District of New York (Irizarry, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Venus Stinnett ("Stinnett"), formerly a flight attendant employed by Defendant-Appellee Delta Air Lines, Inc. ("Delta"), appeals from an April 4, 2019 judgment of the United States District Court for the Eastern District of New York (Irizarry, *J.*), granting Delta's and Defendant-Appellee Quest Diagnostics Clinical Laboratories, Inc.'s ("Quest") motions to dismiss the complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). In 2014, Delta terminated Stinnett after a mandatory drug test—administered by Quest—returned a positive result for cocaine and alcohol intoxication. Following her termination, Stinnett sued Delta and Quest in the Eastern District of New York (Irizarry, *J.*), alleging, *inter alia*, disability discrimination under the Americans with Disabilities Act ("ADA") and gender discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"). The district court dismissed Stinnett's federal claims and declined to exert supplemental jurisdiction over her related state claims in *Stinnett v. Delta Air Lines, Inc.* ("*Stinnett I*"), 278 F. Supp. 3d 599 (E.D.N.Y. 2017). Stinnett then filed the instant action in the Supreme Court of the State of New York, Kings County, alleging, *inter alia*, disability discrimination under the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law §§ 296, *et seq.*, and gender discrimination under the New York

City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code §§ 8-107, *et seq.*[1] The defendants removed the action to the federal district court pursuant to 28 U.S.C. § 1441 and moved separately to dismiss Stinnett's complaint (the "Complaint") for failure to state a claim. As indicated above, the district court granted those motions in their entirety.[2] We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

\* \* \*

## I. Stinnett's Disability Discrimination and Related Claims

We review a district court's rulings on a motion to dismiss pursuant to Rule 12(b)(6) *de novo*, "accepting the complaint's factual allegations as true and drawing all reasonable inferences in the plaintiff's favor." *Carpenters Pens. Tr. Fund of St. Louis v. Barclays PLC*, 750 F.3d 227, 232 (2d Cir. 2014) (internal quotation marks omitted). Under Federal Rule of Civil Procedure 8(a), the Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In other words, it must allege "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[T]he

---

[1] On appeal, Stinnett challenges the district court's interpretation of the Complaint to allege disability discrimination only under the NYSHRL and gender discrimination only under the NYCHRL. The district court's understanding of the Complaint, however, is the only fair reading. Stinnett's cause of action under the NYSHRL clearly refers only to the provisions of that law prohibiting discrimination on the basis of disability. Likewise, her cause of action under the NYCHRL clearly refers only to the provisions of that law prohibiting discrimination on the basis of gender. In any case, the allegations in Stinnett's Complaint are insufficient to support a disability or gender discrimination claim under either statute.

[2] In her appellate briefing, Stinnett makes no argument whatsoever in connection with the district court's dismissal of her claims against Quest. At oral argument, Stinnett's counsel conceded that she has waived those claims on appeal. *See Tolbert v. Queens Coll.*, 242 F.3d 58, 75 (2d Cir. 2001). For the same reason, we affirm the district court's dismissal of Stinnett's breach-of-contract claims against Delta.

3

complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *Fin. Guar. Ins. Co. v. Putnam Advisory Co., LLC*, 783 F.3d 395, 401 (2d Cir. 2015) (quoting *Twombly*, 550 U.S. at 555 (alteration in original)). In considering claims based in New York law, we determine the law of New York *de novo*, affording the greatest weight to decisions of the New York Court of Appeals. If that court has not spoken on the relevant issue, we may consider the opinions of lower New York courts as indicators of how the Court of Appeals might rule. *In re Sharp Int'l Corp.*, 403 F.3d 43, 50 (2d Cir. 2005).

The district court dismissed Stinnett's claims for disability discrimination, failure to accommodate, and retaliation under the NYSHRL as barred by collateral estoppel. "Collateral estoppel, or issue preclusion, prevents parties or their privies from relitigating in a subsequent action an issue of fact or law that was fully and fairly litigated in a prior proceeding." *Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 288 (2d Cir. 2002). We have consistently held that issue preclusion applies only in the presence of the following four elements: "(1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the part[ies] had a full and fair opportunity to litigate the issue; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits." *Wyly v. Weiss*, 697 F.3d 131, 141 (2d Cir. 2012) (quoting *Marvel Characters, Inc.*, 310 F.3d at 288–89). For two issues to be "identical," they must involve not only the same factual predicate, but also the same legal standard. *B & B Hardware, Inc. v. Hargis Indus., Inc.*, 575 U.S. 138, 154 (2015). The district court determined that it had resolved issues identical to Stinnett's disability discrimination claims in *Stinnett I*, explaining that the prior suit involved essentially indistinguishable factual allegations and was governed by equivalent legal standards. *Rodal v. Anesthesia Grp. of Onondaga, P.C.*, 369 F.3d 113, 117 n.1 (2d Cir. 2004) ("New York State

4

disability discrimination claims are governed by the same legal standards as federal ADA claims."). The district court determined that the parties had enjoyed a "full and fair opportunity to litigate" the relevant issue in *Stinnett I*, and that its resolution of those issues was necessary to support a final judgment on the merits.

On appeal, Stinnett does not contest the district court's legal determination that collateral estoppel would bar the above claims. Instead, she challenges the district court's authority to apply the doctrine of collateral estoppel *sua sponte*. She argues that because her complaint was filed in New York state court and subsequently removed to federal district court on diversity grounds, New York law governs whether Delta and Quest waived the collateral estoppel defense. Under New York Civil Practice Law and Rules § 3211, she contends, a defendant must raise a collateral estoppel defense in a motion to dismiss or other responsive pleading. This may be the preferred result under New York law, *see Rienzi v. Rienzi*, 808 N.Y.S.2d 116, 117 (2d Dep't 2005), but federal courts "apply federal law in determining the preclusive effect of a federal judgment."[3] *Marvel Characters, Inc.*, 310 F.3d at 286; *see also Taylor v. Sturgell*, 553 U.S. 880, 891 (2008). And under federal law, a court may raise the issue of collateral estoppel *sua sponte*. *Doe v. Pfrommer*, 148 F.3d 73, 79 (2d Cir. 1998); *see also Arizona v. California*, 530 U.S. 392, 412 (2000)

---

[3] Under federal common law, the question of whose law governs the preclusive effect of a prior federal judgment turns on the basis for jurisdiction in that prior case, without regard to the basis for jurisdiction in a later case applying it. The preclusive effect of a judgment rendered by a federal court sitting in *diversity* is determined by the law of the state in which the rendering court sat. *See Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508 (2001). But the preclusive effect of a judgment rendered by a federal court on a *federal question* is determined by federal law principles, even where, as here, a subsequent court sits in diversity. *See Purdy v. Zeldes*, 337 F.3d 253, 258 & n.5 (2d Cir. 2003) (applying federal collateral estoppel principles to bar a diversity plaintiff's claims based on a prior federal question judgment); *see also Gelb v. Royal Globe Ins. Co.*, 798 F.2d 38, 41–42 (1986) ("[A] federal court should apply federal law" to "determine the preclusive effect of a prior federal question judgment.").

("[I]f a court is on notice that it has previously decided the issue presented, the court may dismiss the action *sua sponte*, even though the defense has not been raised."). *Stinnett I* was a federal judgment based on the district court's federal question jurisdiction. Accordingly, the district court was entitled to apply collateral estoppel to bar Stinnett's disability discrimination, failure to accommodate, and retaliation claims under the NYSHRL.

## II. Stinnett's Gender Discrimination and Related Claims

The district court did not apply collateral estoppel principles to bar Stinnett's claims of gender discrimination and retaliation under the NYCHRL because that statute imposes a more liberal standard than the one applicable to comparable claims brought under Title VII. *See Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 109 (2d Cir. 2013) ("[C]ourts must analyze NYCHRL claims separately and independently from any federal and state law claims, construing the NYCHRL's provisions broadly in favor of discrimination plaintiffs, to the extent that such a construction is reasonably possible." (internal quotation marks and citations omitted)). Nonetheless, the NYCHRL "is not a general civility code," and the plaintiff must still show that the challenged "conduct is caused by a discriminatory motive." *Id.* at 110 (internal quotation marks omitted). Even under this more permissive standard, the district court determined that Stinnett failed to plausibly allege that her termination occurred under circumstances giving rise to an inference of discrimination or retaliation. Rather, it concluded that the facts Stinnett pleaded indicated that she was fired based on her positive drug test.

We agree with the district court's determination. Although Stinnett alleges that six male flight attendants were reinstated after completing a drug rehabilitation course while she was not, her pleadings give no indication that she was sufficiently similarly situated to these other flight attendants plausibly to suggest a discriminatory motive. A plaintiff relying on comparator evidence

6

to allege gender discrimination under Title VII or the NYSHRL must plead that "she was similarly situated in all material respects to the individuals with whom she seeks to compare herself." *Littlejohn v. City of New York*, 795 F.3d 297, 312 (2d Cir. 2015) (internal quotation marks omitted). Stinnett, however, not only fails to allege facts suggesting that the six putative comparators engaged in conduct similar to hers before being terminated and reinstated, but she also affirmatively alleges that these putative comparators had known drug and alcohol abuse disabilities while she suffered from no such disorder. These threadbare allegations, which actively *undermine* any claim that Stinnett is similarly situated to the six men she argued received better treatment, are insufficient to state a claim for gender discrimination even under the more permissive NYCHRL standard. *See Mihalik*, 715 F.3d at 110 (explaining that a plaintiff under the NYCHRL must allege that she is "treated 'less well'[] *because of a discriminatory intent*." (emphasis added)).

We have considered Stinnett's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7