Lake Valhalla Civic Assn., Inc. v BMR Funding, LLC (2021 NY Slip Op 03027)





Lake Valhalla Civic Assn., Inc. v BMR Funding, LLC


2021 NY Slip Op 03027


Decided on May 12, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 12, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
ANGELA G. IANNACCI, JJ.


2017-08600
2018-00276
2018-00577
 (Index No. 50078/16)

[*1]Lake Valhalla Civic Association, Inc., appellant,
v
BMR Funding, LLC, respondent.


Zarin & Steinmetz, White Plains, NY (David S. Steinmetz, Marsha Rubin Goldstein, and Katelyn Ciolino of counsel), for appellant.
Loeb & Loeb LLP, New York, NY (David M. Satnick, Wook Hwang, Sara Crisafulli, and Mahadeva, PLLC [Prassana Mahadeva], of counsel), for respondent.



DECISION & ORDER
In an action for declaratory and injunctive relief, the plaintiff appeals from (1) an order of the Supreme Court, Putnam County (Paul I. Marx, J.), dated July 25, 2017, (2) an order of the same court dated December 1, 2017, and (3) an order of the same court dated December 22, 2017. The order dated July 25, 2017, insofar as appealed from, granted those branches of the defendant's motion which were pursuant to CPLR 3211(a) to dismiss the first and second causes of action, to cancel the notice of pendency, and pursuant to CPLR 6514(c) for an award of costs and expenses. The order dated December 1, 2017, insofar as appealed from, upon renewal and reargument, adhered to the prior determination in the order dated July 25, 2017. The order dated December 22, 2017, insofar as appealed from, granted the defendant's motion for an award of attorneys' fees and costs pursuant to CPLR 6514(c) to the extent of awarding the defendant $75,000 in attorneys' fees, plus costs.
ORDERED that the appeal from the order dated July 25, 2017, is dismissed, as the portions of that order appealed from were superseded by the order dated December 1, 2017, made upon renewal and reargument; and it is further,
ORDERED that the order dated December 1, 2017, is affirmed insofar as appealed from; and it is further,
ORDERED that the order dated December 22, 2017, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendant.
The plaintiff is a not-for-profit corporation representing the owners of approximately 60 units of property (hereinafter the Lodges) located within a community known as the Valhalla Highlands. According to the verified complaint, the Valhalla Highlands was constructed in the 1930s by Ludwig Novoting "and/or his corporation" and consists of (1) the Lodges, (2) a "35-acre [*2]lake and common facilities (e.g., roads, beach area with docks and pavilion, tennis and shuffleboard courts, lookout pavilions, etc.)"; (3) a "700-acre mountain forest with stone-lined trails and rustic improvements"; and (4) a 30-acre plot which was Novoting's residence until his death in 1985. The plaintiff alleges that the owners of the Lodges have had exclusive access for more than 30 years to a 735-acre portion of the Valhalla Highlands (hereinafter the Disputed Property), which consists of the 35-acre lake and the 700-acre mountain forest. The Disputed Property is now owned by the defendant which acquired it in a bankruptcy proceeding.
In December 2016, the plaintiff commenced the instant action against the defendant seeking, inter alia, a judgment declaring that the plaintiff had acquired ownership of the Disputed Property by adverse possession. Alternatively, the plaintiff sought a judgment declaring that, pursuant to the doctrine of equitable estoppel, "the Disputed Property may not be opened to the public."
The defendant moved pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint, to cancel the notice of pendency, and pursuant to CPLR 6514(c) for an award of costs and expenses, including reasonable attorneys' fees.
The plaintiff amended its complaint to withdraw the cause of action alleging adverse possession. The amended complaint asserted that the defendant was precluded from opening the property to the public pursuant to the doctrine of equitable estoppel, and was precluded from using the Disputed Property for other than residential purposes pursuant to a restrictive covenant.
The defendant elected to direct its motion to dismiss to the amended complaint which superseded the original complaint. In an order dated July 25, 2017, the Supreme Court, inter alia, granted those branches of the defendant's motion which were to dismiss the first and second causes of action, to cancel the notice of pendency, and for an award of costs and expenses. By order dated December 1, 2017, the court, upon renewal and reargument, adhered to its prior determination. In an order dated December 22, 2017, the court granted the defendant's motion for an award of attorneys' fees and costs pursuant to CPLR 6514(c) to the extent of awarding the defendant $75,000 in attorneys' fees, plus costs. The plaintiff appeals.
"In considering a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), the court must accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Mawere v Landau, 130 AD3d 986, 988 [internal quotation marks omitted]; see Vertical Progression, Inc. v Canyon Johnson Urban Funds, 126 AD3d 784, 786). "The elements of estoppel are, with respect to the party estopped, (1) conduct which amounts to a false representation or concealment of material facts; (2) intention that such conduct will be acted upon by the other party; and (3) knowledge of the real facts. The party asserting estoppel must show with respect to himself [or herself]: (1) lack of knowledge of the true facts; (2) reliance upon the conduct of the party estopped; and (3) a prejudicial change in his [or her] position" (First Union Natl. Bank v Tecklenburg, 2 AD3d 575, 577 [internal quotation marks omitted]; see Wallace v BSD-M Realty, LLC, 142 AD3d 701, 703). "[I]n the absence of evidence that a party was misled by another's conduct or that the party significantly and justifiably relied on that conduct to its disadvantage, 'an essential element of estoppel [i]s lacking'" (Fundamental Portfolio Advisors, Inc. v Tocqueville Asset Mgt., L.P., 7 NY3d 96, 106-107, quoting Lynn v Lynn, 302 NY 193, 205; see Wallace v BSD-M Realty, LLC, 142 AD3d at 703).
As the Supreme Court determined, the plaintiff failed to allege that the defendant engaged in conduct that amounted to a false representation or a concealment of material facts (see First Union Natl. Bank v Tecklenburg, 2 AD3d at 577). Further, the court properly determined that use of the Disputed Property was not limited by a restrictive covenant. The language of the deed in question was unambiguous, and did not impose a restrictive covenant on the Disputed Property.
"CPLR 6514(c) authorizes the court, in the exercise of its broad discretion, to award costs and expenses to the aggrieved party when a notice of pendency is cancelled under CPLR [*3]6514(a) or (b)" (GDG Realty, LLC v 149 Glen St. Corp., 187 AD3d 994, 995). Contrary to the plaintiff's contention, the Supreme Court providently exercised its discretion in granting that branch of the defendant's motion which was pursuant to CPLR 6514(c) for an award of costs and expenses (see DelMestro v Marlin, 168 AD3d 813, 816; Josefsson v Keller, 141 AD2d 700, 701).
The plaintiff's remaining contentions are without merit.
DILLON, J.P., HINDS-RADIX, DUFFY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court