Amrusi v Second Choice, LLC (2021 NY Slip Op 07266)





Amrusi v Second Choice, LLC


2021 NY Slip Op 07266


Decided on December 22, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 22, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ROBERT J. MILLER
LARA J. GENOVESI
WILLIAM G. FORD, JJ.


2017-12871 
2018-10443
2019-01386
 (Index No. 507535/13)

[*1]David Amrusi, respondent,
v
Second Choice, LLC, appellant, et al., defendants.


Chidi Eze, Brooklyn, NY, for appellant.
Siri & Glimstad LLP, New York, NY (Aaron Siri and Amy Zamir of counsel), for respondent.
In an action to foreclose a mortgage, the defendant Second Choice, LLC, appeals from (1) an order of the Supreme Court, Kings County (Mark I. Partnow, J.), dated September 6, 2017, (2) an order of the same court dated July 9, 2018, and (3) an order and judgment of foreclosure and sale (one paper) of the same court dated November 29, 2018. The order dated September 6, 2017, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against that defendant, to strike its answer, and for an order of reference, and denied that defendant's motion for summary judgment dismissing the complaint insofar as asserted against it. The order dated July 9, 2018, denied the motion of the defendant Second Choice, LLC, for leave to renew and reargue its opposition to the plaintiff's prior motion, inter alia, for summary judgment on the complaint insofar as asserted against it, and its motion for summary judgment dismissing the complaint insofar as asserted against it. The order and judgment of foreclosure and sale, upon the orders dated September 6, 2017, and July 9, 2018, inter alia, granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, and directed the sale of the subject property.



DECISION & ORDER
By order to show cause dated October 18, 2019, the parties to the appeals were directed to show cause before this Court why an order should or should not be made and entered dismissing the appeals from the orders on the ground that the right of direct appeal therefrom terminated upon entry in the above-entitled action of the order and judgment of foreclosure and sale. By decision and order on motion of this Court dated December 18, 2019, the Court's motion to dismiss the appeals was held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.
Upon the order to show cause and no papers having been filed in response thereto, and upon the argument of the appeals, it is
ORDERED that the Court's motion to dismiss the appeals from the orders is granted; [*2]and it is further,
ORDERED that the appeals from the orders dated September 6, 2017, and July 9, 2018, are dismissed; and it is further,
ORDERED that the order and judgment of foreclosure and sale is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeals from the orders dated September 6, 2017, and July 9, 2018, must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale in this action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeals from the orders are brought up for review and have been considered on the appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).
The Supreme Court properly granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Second Choice, LLC (hereinafter the defendant), to strike its answer, and for an order of reference. "Generally, in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default" (Deutsche Bank Natl. Trust Co. v Abdan, 131 AD3d 1001, 1002 [internal quotation marks omitted]). Once the plaintiff meets this prima facie burden, "[t]he burden then shifts to the defendant to demonstrate 'the existence of a triable issue of fact as to a bona fide defense to the action, such as waiver, estoppel, bad faith, fraud, or oppressive or unconscionable conduct on the part of the plaintiff'" (U.S. Bank Natl. Assn. TR U/S 6/01/98 [Home Equity Loan Trust 1998-2] v Alvarez, 49 AD3d 711, 711, quoting Mahopac Natl. Bank v Baisley, 244 AD2d 466, 467; see Emigrant Mtge. Co., Inc. v Beckerman, 105 AD3d 895, 895).
Here, the plaintiff demonstrated his prima facie entitlement to judgment as a matter of law by submitting the mortgage and the affidavit of the plaintiff attesting to the defendant's default in the repayment of the mortgage loan obligation (see Bank of Am., N.A. v Cord, 168 AD3d 896, 898-899; Baron Assoc., LLC v Garcia Group Enters., Inc., 96 AD3d 793, 793).
In opposition, the defendant failed to raise a triable issue of fact as to whether the plaintiff was a bona fide encumbrancer for value (see Real Property Law § 266; Anderson v Blood, 152 NY 285, 293; Williams v Mentore, 115 AD3d 664, 664). The defendant's contentions in this regard were unsubstantiated, speculative, and insufficient to meet its burden in opposition (see M & T Bank v DelVecchio, 162 AD3d 654, 655).
For similar reasons, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint insofar as asserted against it, regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The parties' remaining contentions are either not properly before this Court or without merit.
RIVERA, J.P., MILLER, GENOVESI and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court