CRC Ins. Servs., Inc. v Kullman (2022 NY Slip Op 07216)

CRC Ins. Servs., Inc. v Kullman

2022 NY Slip Op 07216

Decided on December 21, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 21, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ROBERT J. MILLER
LARA J. GENOVESI
HELEN VOUTSINAS, JJ.

2019-13967
 (Index No. 57257/19)

[*1]CRC Insurance Services, Inc., respondent,
v
Alexander Kullman, appellant.

Kudman Trachten Aloe Posner LLP, New York, NY (Gary Trachten and David N. Saponara of counsel), for appellant.
Ogletree, Deakins, Nash, Smoak & Stewart, P.C., New York, NY (Daniel Bernstein
and Evan Citron of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendant appeals from an order of the Supreme Court, Westchester County (Linda S. Jamieson, J.), dated November 27, 2019. The order, in effect, granted the plaintiff's motion to compel arbitration of the defendant's counterclaims and, sua sponte, directed dismissal of the action.
ORDERED that on the Court's own motion, the notice of appeal from so much of the order as, sua sponte, directed dismissal of the action is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is reversed, on the law, the plaintiff's motion to compel arbitration of the defendant's counterclaims is denied, the complaint and the counterclaims are reinstated, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings consistent herewith; and it is further,
ORDERED that one bill of costs is awarded to the defendant.
In 1999, the defendant entered into an agreement with a predecessor of the plaintiff to be employed as an executive vice president (hereinafter the employment agreement). The employment agreement provided that if the defendant was discharged without cause, he would receive a severance amount of at least one year of his base salary. The employment agreement also provided that "any controversy or claim arising out of or relating to this [employment a]greement, or the breach thereof, shall be settled by arbitration."
In June 2012, the defendant executed a promissory note in favor of a different predecessor of the plaintiff for the principal sum of $3,750,000. The promissory note provided, among other things, that as long as the defendant was not terminated for cause, the principal amount and accrued and unpaid interest thereon would be forgiven in certain annual increments.
In October 2018, the plaintiff terminated the defendant's employment. Thereafter, the defendant commenced an arbitration proceeding before the American Arbitration Association (hereinafter AAA) alleging, inter alia, that he was entitled to severance for having been terminated other than for cause as defined in the employment agreement.
In May 2019, the plaintiff commenced the instant action, alleging, among other things, that it terminated the defendant's employment for cause and that, therefore, the defendant was liable to the plaintiff for the outstanding principal and unpaid accrued interest on the promissory note. The defendant interposed an answer with counterclaims essentially mirroring the claims he had raised in the arbitration proceeding before AAA. Additionally, the defendant withdrew his arbitration claims and AAA closed the arbitration.
The plaintiff then moved pursuant to CPLR 7503(a) to compel arbitration of the defendant's counterclaims. The Supreme Court, in effect, granted the plaintiff's motion and, sua sponte, directed dismissal of the action. The defendant appeals. We reverse.
As the Supreme Court properly determined, the issues raised in the complaint and the counterclaims are "sufficiently intertwined . . . to make one trial of all causes of action appropriate" (Chichilnisky v Trustees of Columbia Univ. in City of N.Y., 52 AD3d 206, 206). However, contrary to the court's determination, the plaintiff waived its right to seek enforcement of the arbitration provision of the employment agreement by commencing the instant action (see De Sapio v Kohlmeyer, 35 NY2d 402, 405; Matter of Village of Bronxville v Bronxville Police Taylor Act Comm., 171 AD3d 932, 934; Matter of City of Yonkers v Yonkers Firefighters, 165 AD3d 795,795-796). Accordingly, the court should have denied the plaintiff's motion to compel arbitration of the counterclaims.
Moreover, the Supreme Court improvidently exercised its discretion in, sua sponte, directing dismissal of the action. "A court's power to dismiss [an action], sua sponte, is to be used sparingly and only when extraordinary circumstances exist to warrant dismissal" (U.S. Bank, N.A. v Emmanuel, 83 AD3d 1047, 1048; see Rienzi v Rienzi, 23 AD3d 450). No such extraordinary circumstances existed here warranting dismissal of the action.
BARROS, J.P., MILLER, GENOVESI and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court