Makransky v Makransky (2025 NY Slip Op 05678)

Makransky v Makransky

2025 NY Slip Op 05678

Decided on October 15, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 15, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
CARL J. LANDICINO
PHILLIP HOM, JJ.

2023-05890 
2023-08289
 (Index No. 205702/22)

[*1]Gina Makransky, appellant, 
v
Mary Elizabeth Makransky, et al., defendants, George Macdonald, et al., respondents.

Bernbach Law Firm PLLC, Quogue, NY (Jeffrey M. Bernbach of counsel), for appellant.
Hulse McNulty PLLC, Sound Beach, NY (Jeffrey B. Hulse of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to impose a constructive trust upon certain real property, the plaintiff appeals from (1) an order of the Supreme Court, Suffolk County (Paul J. Baisley, J.), dated April 14, 2023, and (2) an order of the same court dated July 10, 2023. The order dated April 14, 2023, insofar as appealed from, granted the motion of the defendants George Macdonald and Quiogue Property Management, LLC, pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them. The order dated July 10, 2023, insofar as appealed from, upon reargument, adhered to the determination in the order dated April 14, 2023, granting the motion of the defendants George Macdonald and Quiogue Property Management, LLC, pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them.
ORDERED that the appeal from the order dated April 14, 2023, is dismissed, as the portion of the order appealed from was superseded by the order dated July 10, 2023, made upon reargument; and it is further,
ORDERED that the order dated July 10, 2023, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendants George Macdonald and Quiogue Property Management, LLC.
The plaintiff married William Makransky (hereinafter William) in 2010. Shortly after they married, the plaintiff allegedly learned that William had been convicted of aggravated sexual assault on a minor, and she immediately notified William and his mother, the defendant Mary Elizabeth Makransky (hereinafter Mary), of her intention to seek a divorce. Thereafter, the plaintiff and Mary allegedly entered into an oral agreement in which the plaintiff agreed to remain married to William in exchange for permission to reside at certain real property owned by Mary and Mary's promise to eventually transfer title of the property to the plaintiff. In 2020, William died. In 2022, Mary sold the property to the defendants George Macdonald and Quiogue Property Management, [*2]LLC (hereinafter together the buyers). In November 2022, the plaintiff commenced this action against, among others, Mary and the buyers, asserting causes of action, inter alia, alleging breach of contract, to invalidate the sale and enforce the alleged oral agreement, and to impose a constructive trust upon the property.
In December 2022, the buyers moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them. In an order dated April 14, 2023, the Supreme Court, among other things, granted the buyers' motion. In May 2023, the plaintiff moved for leave to reargue her opposition to the buyers' motion. In an order dated July 10, 2023, the court granted leave to reargue and, upon reargument, adhered to its determination granting the buyers' motion. The plaintiff appeals from both orders.
The Supreme Court properly, upon reargument, adhered to its determination granting the buyers' motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them. "On a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), the court must liberally construe the complaint, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Jesberger v CVS Health Solutions, LLC, 222 AD3d 849, 849 [internal quotation marks omitted]; see Templeton v Roach, 228 AD3d 796, 797). "While affidavits may be considered, . . . they are generally intended to remedy pleading defects and not to offer evidentiary support for properly pleaded claims" (Nonnon v City of New York, 9 NY3d 825, 827).
Contrary to the Supreme Court's determination, the alleged oral agreement did not lack valid consideration. "Forbearance to do an act that a person has a legal right to do constitutes consideration" (Morrow v Vibration Mountings & Controls, Inc., 223 AD3d 736, 737 [alteration and internal quotation marks omitted]; see U.S. Bank N.A. v Reddy, 220 AD3d 967, 972). A spouse's promise to forbear his or her right to a divorce constitutes valid consideration and is not against public policy (see Rodgers v Rodgers, 229 NY 255, 258-259; Lindsley v Lindsley, 54 AD2d 664, 664-665; Matter of Hart, 31 AD2d 548, 549). Courts in several other states have determined that similar agreements are enforceable (see e.g. Allen v Allen, 66 Va App 586, 594-595, 789 SE2d 787, 791; Lloyd v Niceta, 255 Md App 663, 284 A3d 808, affd 485 Md 422, 301 A3d 94; Young v Cockman, 182 Md 246, 252-253, 34 A2d 428, 432; Matter of Marriage of Ellinwood, 59 Or App 536, 539, 651 P2d 190, 192; Dale v Dale, 87 Cal App 359, 364, 262 P 339, 341; In re Marriage of Tabassum & Younis, 377 Ill App 3d 761, 771, 881 NE2d 396, 407; Phillips v Meyers, 82 Ill 67, 70 [Ill]; Polson v Stewart, 167 Mass 211, 215-216, 45 NE 737, 738-739; Duffy v White, 115 Mich 264, 270-271, 73 NW 363, 365; McKay v McKay, 189 SW 520, 523 [Tex Civ App]; Moayon v Moayon, 114 Ky 855, 867-868, 72 SW 33, 36-37; Matter of Galbreath, 207 BR 309, 318-319 [MD Georgia]; contra Fisher v Koontz, 110 Iowa 498, 503-505, 80 NW 551, 553).
Here, the plaintiff alleged that her discovery of William's prior conviction made her want to seek a divorce but that she did not do so due to Mary's promise to transfer the property to her. Under these circumstances, the continuation of the marriage constituted valid consideration (see Rodgers v Rodgers, 229 NY at 258-259; Lindsley v Lindsley, 54 AD2d at 664-665; Matter of Hart, 31 AD2d at 549; cf. Whitmore v Whitmore, 8 AD3d 371, 372).
However, the Supreme Court properly granted dismissal of the cause of action alleging breach of contract insofar as asserted against the buyers on the ground that it was barred by the statute of frauds. "The statute of frauds prohibits the conveyance of real property without a written contract" (Toobian v Golzad, 193 AD3d 778, 780 [internal quotation marks omitted]; see S & G Golden Estates, LLC v New York Golf Enters., Inc., 216 AD3d 831, 832). However, "[a]n agreement which violates the statute of frauds may nonetheless be enforceable where there has been part performance 'unequivocally referable' to the contract by the party seeking to enforce the agreement" (Barretti v Detore, 95 AD3d 803, 806 [internal quotation marks omitted]; see Matter of Zelouf, 183 AD3d 900, 902). "Unequivocally referable conduct is conduct which is inconsistent with any other explanation" (Barretti v Detore, 95 AD3d at 806 [internal quotation marks omitted]).
Here, in the complaint and in opposition to the buyers' motion, the plaintiff failed to allege acts of part performance that were unequivocally referable to the alleged oral agreement [*3]sufficient to obviate the need for a writing (see Matter of Zelouf, 183 AD3d at 902; Roman Catholic Church of the Epiphany v City of New York, 183 AD3d 775, 776).
"'The elements of [equitable] estoppel are, with respect to the party estopped, "(1) conduct which amounts to a false representation or concealment of material facts; (2) intention that such conduct will be acted upon by the other party; and (3) knowledge of the real facts"'" (Wallace v BSD-M Realty, LLC, 142 AD3d 701, 703, quoting First Union Natl. Bank v Tecklenburg, 2 AD3d 575, 577). "[I]n the absence of evidence that a party was misled by another's conduct or that the party significantly and justifiably relied on that conduct to its disadvantage, an essential element of estoppel [i]s lacking" (Lake Valhalla Civic Assn., Inc. v BMR Funding, LLC, 194 AD3d 803, 805 [internal quotation marks omitted]). "Equitable estoppel 'should be applied with great caution when dealing with realty'" (Weiss v Halperin, 149 AD3d 1143, 1145, quoting Huggins v Castle Estates, 36 NY2d 427, 433). Here, the plaintiff failed to allege that the buyers engaged in "conduct which amounts to a false representation or concealment of material facts," acted with the "intention that such conduct [would] be acted upon" by the plaintiff, or had "knowledge of the real facts" (Wallace v BSD-M Realty, LLC, 142 AD3d at 703). Moreover, the plaintiff did not allege that she was misled by the buyers or relied upon any action or representation of the buyers to her detriment (see id.).
"'The elements of a cause of action to recover for unjust enrichment are (1) the defendant was enriched, (2) at the plaintiff's expense, and (3) that it is against equity and good conscience to permit the defendant to retain what is sought to be recovered'" (Jetro Holdings, LLC v MasterCard Intl., Inc., 166 AD3d 594, 598 [internal quotation marks omitted], quoting Travelsavers Enters., Inc. v Analog Analytics, Inc., 149 AD3d 1003, 1006). "Although privity is not required for an unjust enrichment claim, a claim will not be supported if the connection between the parties is too attenuated" (Nasca v Greene, 216 AD3d 648, 650 [internal quotation marks omitted]). "Thus, 'a party must establish that it conferred a benefit upon the other party, and that the other party will retain that benefit without adequately compensating the first party therefor'" (id., quoting Beaman v Awaye Realty Mgt., LLC, 176 AD3d 1025, 1025). Here, the record is devoid of allegations or evidence that the plaintiff performed a service for the buyers, that the buyers accepted any service, and that the plaintiff expected compensation from the buyers (cf. Home Constr. Corp. v Beaury, 149 AD3d 699, 702). The unjust enrichment cause of action insofar as asserted against the buyers was therefore properly dismissed. For similar reasons, the plaintiff failed to state a cause of action to recover in quantum meruit insofar as asserted against the buyers (cf. Karimian v Time Equities, Inc., 164 AD3d 486, 490).
Additionally, the plaintiff failed to adequately plead a constructive trust cause of action insofar as asserted against the buyers. "The usual elements of a constructive trust are (1) a confidential or fiduciary relationship, (2) a promise, (3) a transfer in reliance thereon, and (4) unjust enrichment" (Harounian v Harounian, 198 AD3d 734, 737; see Edwards v Walsh, 169 AD3d 865, 868). In order to "'establish that there was a transfer in reliance on [a] promise, it must be shown that the party seeking to impose the constructive trust had some interest in the property prior to obtaining the promise that the property would be conveyed, and that this interest was parted with in reliance on the promise'" (Edwards v Walsh, 169 AD3d at 868, quoting Bontecou v Goldman, 103 AD2d 732, 733). "'[N]o constructive trust will be imposed by one who has no interest in the property prior to obtaining a promise that such an interest will be given to him [or her]'" (id. [internal quotation marks omitted], quoting Schwab v Denton, 141 AD2d 714, 715). Here, the plaintiff failed to plead the existence of a confidential or fiduciary relationship between herself and the buyers or that she had any interest in the real property that she parted with in reliance on a promise by the buyers (see id.).
We have not considered the allegations of untimeliness in the plaintiff's unsworn memorandum of law (see Law Off. of Cary Scott Goldinger, P.C. v Deluca, 219 AD3d 598, 600-601; Nyack Hosp. v Progressive Cas. Ins. Co., 296 AD2d 482, 484).
Accordingly, the Supreme Court properly, upon reargument, adhered to its determination granting the buyers' motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them.
The parties' remaining contentions are either academic or improperly raised for the first time on appeal.
DUFFY, J.P., MILLER, LANDICINO and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court